9   513
10  173
11  194
15  424
9   513
41  522

JOSEPH DUNN, PLAINTIFF IN ERROR, V. JAMES S. GIBSON, CHARLES J. KARBACH, EDWIN LOVELAND, WM. M. DWYER, ALEXANDER McGAVOCK, CHAMPION S. CHASE, AND EDWARD DAUGHTON, DEFENDANTS IN ERROR.

**Practice:** JOINDER IN DEMURRER.  On error brought to reverse the judgment of the district court sustaining a joint demurrer by several defendants to a petition, charging a joint trespass or wrong to the property of the plaintiff, the court, being of opinion that the petition states a cause of action as against one of the defendants, the demurrer should be overruled as to all of them.  The rule of practice in such cases is that a joint demurrer to a complaint by several defendants will be overruled if it state a cause of action against any of those joining in the demurrer.

ERROR to the district court of Douglas county, where the cause was heard before SAVAGE, J., upon demurrer to the petition.

*Geo. M. O'Brien* and *E. M. Bartlett,* for plaintiff in error, upon the point decided here, cited *Woodbury v. Jackson,* 2 Abb. Pr., 402.  *Peabody v. Washington County Mutual Insurance Company,* 20 Barb., 339.  *Phelps v. Hagadan,* 12 How. Pr. Rep., 17.  *People v. Mayor of New York,* 28 Barb., 240.

*George W. Ambrose,* for defendant in error.

LAKE, J.

The first inquiry in order is whether the petition states a cause of action against any of the defendants. If it shall be held that it does as to one or more, but not all of them, there being a joint general demurrer to the petition by several of the defendants, it will be necessary to determine further the effect of such joinder upon the ruling thereon.

35

The petition, after showing with great prolixity that, on the 25th of July, 1877, the plaintiff was in the peaceable occupancy of lot three, block 335, in the city of Omaha, under a lease from said city for the term of five years, from the first day of April, 1873, on which lot he had a dwelling house and other improvements of the value of over six hundred dollars, states: "That on the said 25th day of July aforesaid the said defendant, Edward Daughton, aided and assisted by the said Gibson, Karbach, Loveland, Dwyer, McGavock, and Chase, said defendants as aforesaid colluding and conspiring together as aforesaid, did enter into and upon the premises aforesaid, and into the dwelling house aforesaid, and upon the possession of the said plaintiff, and him, the said plaintiff, and his family, expelled and ejected therefrom, and him, the said plaintiff, hath always from said day of July hitherto kept out of the possession of the same, and now forcibly and wrongfully withholds the possession of the said premises from this plaintiff, and converted the said dwelling house and other improvements hereinbefore described to his, the said Daughton's, own use, to the plaintiff's damage," etc.

If all this be true—and in deciding upon the demurrer it must be presumed that it is—the petition certainly states a cause of action against the defendant Daughton, who is thus shown to have forcibly and wrongfully taken possession of the plaintiff's house and appropriated it to his own use. And the allegation would be sufficient to charge the other defendants also were it not that, by the use of the words, "as aforesaid," the aid and assistance which they gave to Daughton are limited to certain official acts previously stated in the petition, and which are wholly inadequate to render them liable. To be more specific, the aid and assistance, "*as aforesaid*," consisted simply of a secret agree-

ment entered into between Daughton and his co-defendants in February, 1877, that he "should purchase of the said city of Omaha the aforesaid premises without the knowledge of this plaintiff, and at a valuation much below the real value thereof, for the purpose of defrauding the plaintiff out of his improvements thereon." And also that, in pursuance of said agreement, Daughton did purchase said lot and procured from said city a quit-claim deed therefor; that ever since said purchase "the said defendants, colluding with one another as aforesaid, have harassed and annoyed the plaintiff and put him to great trouble and expense by vexatious litigation for the possession of said described premises."

But of all this it may be briefly answered that it is entirely immaterial. The city, like an individual, could sell and convey its interest in the lot to whomsoever and for whatever price its authorities saw fit, and Daughton certainly was at liberty to become the purchaser. This would be no interference with any right of the plaintiff under his lease from the city. As to the result of the litigation for the possession of the lot, however, the petition is silent, nor does the record elsewhere inform us; but if the plaintiff were in possession of the lot under a valid lease from the city, and, as he alleges, in no default, we do not see how it could have been otherwise than favorable. But this is not the place to settle the merits of that controversy; the judgment, whatever it was, cannot be called in question here, nor can it in anywise affect our judgment upon this demurrer. But several of the defendants having joined in their demurrer to the petition, which we find states a cause of action against one of them only, they cannot be severed in the judgment thereon, which must be sustained or fail to the whole extent to which it is applied. The rule of practice in

such cases seems to be that a joint demurrer to a complaint by several defendants will be overruled if it state a cause of action against any one of those so joining in the demurrer. *People v. Mayor of New York*, 28 Barb., 240. *Woodbury v. Sackrider*, 2 Abb. Pr. Repts., 402. *Phillips & Northrup v. Hagadon and wife*, 12 How. Pr. Repts., 17. The judgment of the court below on the joint demurrer therefore must be reversed, the demurrer overruled as to all the defendants uniting therein, and the cause remanded to the court below for further proceedings.

REVERSED AND REMANDED.