ALBANY CITY NAT. BANK v. MAHER, Receiver, etc.

(*Circuit Court, N. D. New York.* January, 1882.)

1. TAXATION—LAW OF NEW YORK OF 1881, c. 271.

Chapter 271, Laws of New York of 1881, declared to be void on the ground that it is, in effect, a legislative assessment of a tax imposed upon a body of individuals selected out of a general class, without apportionment or equality as between them and the general class, or as between themselves, and without giving them any opportunity to be heard.

Injunction.

*Amasa J. Parker*, for plaintiff.

*R. W. Peckham*, for defendant.

WALLACE, D. J. It was decided, upon the motion for a preliminary injunction herein, that the assessment against the shareholders of the complainant was void, because the assessors did not comply with the provision of the statute intended to afford tax-payers an opportunity for the examination and correction of their assessments, which were a condition precedent to the legality of the assessment. Since that decision an act of the legislature has been passed designed to cure the invalidity of the assessment, and that act is now relied upon as a defence to the action. Chapter 271, Laws 1881. That act declares that the amounts of all assessments attempted to be levied and taxes imposed upon the shareholders in national and state banks in the city of Albany during the year 1880, as the same now appear of record in the assessment roll of the Sixth ward in said city, and now in the hands of the receiver of taxes therein, are hereby assessed and levied upon such shareholders whose names now appear in said assessment roll as assessed upon their bank shares. It further declares that the time limited for any party aggrieved to procure a writ of *certiorari* to review such assessment upon the ground that it is unequal, in that the assessment has been made at a higher proportionate valuation than other property on the same roll by the same officers, and that the petitioner is or will be injured by such alleged unequal assessment, pursuant to chapter 269 of the Laws of 1880, shall not be deemed to have expired until 15 days after the act becomes a law.

With great reluctance this act must be declared in excess of the legislative power. The almost unlimited power of the legislature over taxation has always been acknowledged by the courts, but this act is an unprecedented exercise of that power. It will not be contended that

the legislature can sanction retroactively such proceedings in the assessment of a tax as it could not have sanctioned in advance. This assessment was void because the persons subjected to it were deprived of notice, and thereby lost the opportunity to be relieved in whole or in part from the payment of the tax. The curative act perpetrates the vice which was originally fatal to the assessment. It denies the shareholders the right to be heard. It does indeed permit a review by *certiorari,* but the shareholders are limited to a review upon the single ground that the assessment is at a higher proportionate valuation than other property on the same roll by the same officers. They are not allowed to challenge the assessment upon the ground of overvaluation generally, nor to show that they should have been allowed deductions which the laws of the state allow to other tax-payers, or to show that they were not in fact the owners of the property for which they were assessed. It is, in effect, a legislative assessment of a tax imposed upon a body of individuals selected out of a general class, without apportionment or equality as between them and the general class, or as between themselves, and without giving them any opportunity to be heard. The legislature cannot impose the whole burden of the state or of a single taxing district upon a portion of the property owners of the district. "It is of the very essence of taxation that it be levied with equality and uniformity, and that there should be some system of apportionment." Cooley, Const. Lim. 495. This assessment derives no support from the fact that the tax was originally levied upon all other property holders by a system of apportionment which secured uniformity and equality, because these shareholders were excluded from the benefit of that system and are still excluded. They are singled out and each assessed an arbitrary sum upon the assumption that each is taxable for a given amount of property, and that such sum represents his share of the common burden, while they are denied the right given to all others of obtaining the deductions and corrections allowed by the general system of assessment. As is said in *Stuart* v. *Palmer,* 74 N. Y. 183: "It matters not upon the question of the constitutionality of such a law that the assessment has, in fact, been fairly apportioned. The constitutional validity of law is to be tested, not by what has been done under it, but by what may, by its authority, be done." *Earl,* J., 188. It may be that the tax assessed against the shareholders of complainant is no more onerous than they were required to bear, but this fact does not affect the question of legislative power and cannot give validity to the act.

Entertaining these views, it is unnecessary to discuss the other objections which have been urged to the original assessment and to the invalidity of the curative act.

As the original assessment was void and has not been validated, there was no necessity for a tender on the part of the shareholders of such sum as might be equitably due on account of their taxes. The cases in which a tender has been required were those when there was an excessive as distinguished from a void assessment. *Nat. Bank* v. *Kimball,* 103 U. S. 732; *Cummings* v. *Nat. Bank,* 101 U. S. 153.

It is urged as a reason for denying the relief claimed that the proofs fail to show that the shareholders of complainant have any intention to institute suits against the complainant if it pays the tax or withholds their dividends. It suffices, however, that they have the right to sue the bank. The complainant is placed in a position where it is subjected to the contingency of a multiplicity of suits by the several shareholders on the one hand, if it recognizes the validity of the tax and withholds the dividends, and by the city authorities on the other hand if it refuses to do so.

A decree is ordered restraining defendant from all proceedings to enforce the tax as against the complainant.