## EVANS *et al.* v. FALL RIVER COUNTY *et al.*

1. Laws 1895, Chap. 3, purporting to legalize the assessment and taxation of all property within the county of Fall River in and for the years 1889 to 1894 inclusive, is unconstitutional, in so far as the legislature attempted to dispense with statutory notice to the taxpayer through and by the meeting of the board of equalization at the designated time and place, and in the manner required by Laws 1890, Chap. 37, Art. 10, since an opportunity to be heard at some stage of the proceedings is a condition precedent to the authorized seizure and sale of property for delinquent taxes.

2. Under Comp. Laws, §§ 4909, 4910, 4913, a general joint demurrer to a complaint in an action instituted by several parties jointly must be overruled if the facts alleged are sufficient to constitute a cause of action in favor of either of such parties against any of the demurrants.
CORSON and HANEY, JJ., specially concurring.

(Opinion filed July 29, 1896.)

Appeal from circuit court, Fall River county.    Hon. WILLIAM GARDNER, Judge.

Action to enjoin the execution and delivery of a tax deed. From an order overruling their demurrer to the complaint, defendants appeal. Affirmed.

The facts are stated in the opinion.

*Walter Anderson,* State's Attorney, for appellants.

Any and all irregularities in making the assessment and sale have been cured by an act of the legislature. Chap. 3, Laws of 1895. Though this act was passed subsequent to the bringing of the suit, yet it was a law prior to the demurrer of defendants, and therefore should have been considered by the court in passing upon said demurrer. People v. McDonald, 69 N. Y. 362; Commissioners v. Ruckman, 57 Ind. 96; Miller v. Graham, 17 Ohio St. 1; Cowgill v. Long, 15 Ill., 202; Bristol v. Supervisors, 20 Mich. 95; Ex parte McCardle, 7 Wall. 506; Cooley Taxation, 305. South Dakota has no constitutional restrictions against retroactive laws. In the absence of such restriction its legislature has power to pass laws curing irreg-

ularities and errors in tax proceedings. 25 Am. & Eng. Ency. of Law, 445; Cooley on Taxation, 301; People v. McCreary, 34 Cal. 432; People v. Bleckwein, 7 N. Y. Sup., 914; Tifft v. Buffalo, 82 N. Y. 204; Van Deventer v. L. I. Cy., 10 N. Y. Sup., 801. See also Smith v. Hand, 61 Vt. 469; Musselman v. Logansport, 29 Ind. 523; Fanning v. Funches, 60 Miss. 541. The act is not special. Cooley on Taxation, 301; People v. Todd, 23 Cal. 181.

*G. M. Cleveland* and *James W. Fowler*, for respondents.

The legislative act is unconstitutional and void, because in this state the legislature has no power to pass a special privilege or private law or. retroactive law upon any subject which can be governed by general law. Cooley, Taxation, 223; Const., Art. 3, § 23, subd. 11. There was no lawful meeting of the board during the years 1891 and 1892, and the taxpayer was given no opportunity to be heard. § 2, Bill of Rights; Cooley, Taxation (2d ed.), 363, 751; Powers v. Larabee, 49 N. W. 724; Avant v. Flynn, 2 S. D. 153, 49 N. W. 15; Sumner v. County of Colfax, 16 N. W. 756; State v. Railroad, 30 Pac. 693; Kuntz v. Sumption, 19 N. W. 474; Railroad v. Washington County, 3 Neb. 30; Mulligan v. Smith, 59 Cal. 232; County of Santa Clara v. Railroad, 18 Fed. 385. The right to a hearing is fundamental and indestructible. Hagar v. Reclamation Dist., 111 U. S. 701; Stewart v. Palmer, 74 N. Y. 192; Thomas v. Gain, 35 Mich. 164; San Matee v. Railroad, 13 Fed. 722; Davidson v. New Orleans, 96 U. S. 97.

FULLER, J. Upon the ground that the complaint in this action—to perpetually enjoin the execution and delivery of a tax deed—does not state facts sufficient to constitute a cause of action, a demurrer was interposed, and this appeal is by the defendants from an order overruling the same. It is alleged that plaintiff Evans is the owner in fee of the real property in question, which was wrongfully sold on the 10th day of November, 1892, for the taxes of 1891, to the defendant Fall River

county; that the certificate of purchase was duly assigned by said county to the defendant Thode, by whom taxes assessed and levied upon said property for the year 1892 have been paid, which with the purchase price of the certificate and accrued costs, aggregate $127.65, exclusive of certain subsequent interest and costs, necessary to be paid in order to effect the redemption from said tax sale.   There being no claim that the allegations of misconduct, irregularities, and omissions on the part of the officers of the defendant county with reference to the tax are insufficient, when considered with other averments, to constitute a cause of action in favor of Evans, unless legalized by a curative act of the legislature, to which we shall presently direct our attention, a reproduction of said complaint is in no manner essential to a determination of this appeal, and such portion thereof as is deemed important will be noticed in connection with a discussion of the law applicable thereto.

The statute relied upon to relieve appellants from the legal effect of irregularities and omissions complained of is as follows:    "That the assessment and taxation of all property within the county of Fall River, state of South Dakota, in and for the years 1889, 1890, 1891, 1892, 1893 and 1894, be and the same are hereby in all things legalized, ratified and confirmed, and all acts necessary to render the assessment and taxation for the said years 1889, 1890, 1891, 1892, 1893 and 1894 legal and valid in all respects shall be deemed to have been done as provided by law and at the times provided by law.   And all taxes for said years 1889, 1890, 1891, 1892, 1893 and 1894 levied upon the assessments for the said years respectively are hereby declared to be valid liens upon the lots and parcels of land charged therewith. Provided, that this act shall not apply to nor in any way affect the action of the board of county commissioners or the county board of equalization of said county in raising the assessment of the year 1893." Laws 1895, Chap. 3.  In order to enable

interested persons to inspect the assessment roll before the meeting of the board of equalization, which must be on the third Tuesday of June in each year, the assessor must return the same to the city auditor not later than the second Tuesday of said month.    At the meeting of the board of equalization "the city auditor shall act as clerk of said board, and keep an accurate record of all changes made in the valuation and of all other proceedings."    The statute not only fixes the time when, but designates the place where, said board shall meet to equalize and correct the assessment roll, by increasing or diminishing the valuation placed upon property by the assessor; to fix a value and place upon and add to the assessment roll any taxable property omitted therefrom.    Any person feeling aggrieved may, by himself, his agent or attorney, appear at said time and place, and apply to said board for a correction of any alleged error, and from the decision of the board of equalization he is given the right of appeal to the circuit court in the county where his property is situated.    Laws 1890, Chap. 37, Art. 10.    Assuming, as we must for the purposes of this discussion, the allegations of the complaint to be true, it appears that none of the acts preceding the notice to the owner that a tax deed would issue within 60 days were entirely regular, and in substantial compliance with the statute.    Moreover, it is alleged that there was no meeting of the board of equalization during the month of June, and that respondents "had no opportunity to have the aforsaid unjust, ununiform, excessive and erroneous valuation corrected, and had no opportunity to be heard in reference thereto."

Without attempting to discuss constitutional questions which suggest themselves, and about which there may be some conflict of authority, we will pass directly to a consideration of the power of a legislature to dispense with the meeting of the board of equalization, and thereby deny a taxpayer an opportunity to be heard in the first instance, and deprive him of his right to an appeal to the courts, should he feel aggrieved by the

action of said board. Every owner of taxable property is
charged with notice of the time and place fixed by law for the
meeting of the board of equalization, and is presumed to know
the powers and duties of said board, his privilege to appear
and petition for the correction of alleged errors in the listing
or valuation of his property, and his right to appeal from the
action of the board with reference thereto. Billingshurst v.
Spink Co., 5 S. D. 84, 58 N. W. 272. The law creating and de-
fining the powers and duties of the board of equalization, by
which the time and place of its annual meeting are definitely
fixed, constitutes an indispensable safeguard, designed to pro-
tect the common right of every taxpayer against an unwar-
ranted seizure and sale of his property to satisfy an illegal tax.
Where there is an entire failure upon the part of the board to
meet and act, and property has been sold for delinquent taxes,
under proceedings in all other respects legal and regular, it
cannot be said that the owner has been dispossessed by legal
process, or deprived of his property by the law of the land.
Notice to the taxpayer is a jurisdictional matter, and his right
to be heard in opposition to an assessment, or to the amount
thereof, is vitally essential to the validity of every assessment.
Black, Tax Titles, 488; 2 Blackw. Tax Titles, 953; Cooley,
Tax'n, 227; County of Santa Clara v. Southern Pac. R. Co., 18
Fed. 385; Powers v. Larabee (N. D.), 49 N. W. 724; Bank v.
Maher, 9 Fed. 884. It is maintained by counsel for appellants
that there is no allegation that the valuation or gross amount
of tax imposed was excessive, but that contention, if sustain-
able, does not affect the question of legislative authority.
Stuart v. Palmer, 74 N. Y. 183. That the legislature is with-
out power to dispense with notice to the taxpayer, or deprive
him of an opportunity to be heard, is an elementary proposi-
tion, requiring the citation of no supporting decisions, and it
is equally well settled by the uniform current of authority that
no retroactive enactment can waive or cure the want of it.
The rule, however, is that, where such a remedial statute is

in some respects within the legislative power, it must, to that extent, be confirmed.    Breaux v. Negrotto, 43 La. Ann. 426, 9 South. 502; Town of Belleview v. Peacock, 89 Ky. 495, 12 S. W. 1042; Slaughter v. Louisville, 89 Ky. 112, 8 S. W. 917.    A retroactive legalizing statute, though medicinal in its nature, is not a cure-all, by which vitalistic properties may be infused into that which is, and ever has been, inanimate and effectual for no purpose.    We conclude, therefore, that chapter 3 of the Laws of 1895, in so far as the legislature has therein and thereby attempted to dispense with statutory notice to the taxpayer through and by the meeting of the board of equalization at the designated time and place, and in the manner required by Article 10 of Chap. 37 of the Laws of 1890, is in excess of the lawmaking power.    This view renders unnecessary a determination of the legal effect of other alleged irregularities in the assessment, or the validity of other portions of the curative act above mentioned.

There is another point urged in support of appellant's demurrer, namely, that the complaint does not state facts sufficient to constitute a cause of action in favor of R. D. Jennings as administrator, and that his capacity to sue is not shown by the averments thereof.    Conceding this contention to be well founded, the court was fully justified in overruling a general demurrer, as the complaint confessedly states a cause of action in favor of respondent Evans against appellants, and the objection that a party "who has not legal capacity to sue" is not available upon a general demurrer.    Comp. Laws, §§ 4909–4913.    Under the statutory rule of practice, a general joint demurrer to a complaint in an action instituted by several parties jointly must be overruled if the facts alleged are sufficient to constitute a cause of action, in favor of either of such parties, against any party interposing the demurrer.    Dunn v. Gibson, 9 Neb., 513, 4 N. W. 244; People v. Morrill, 26 Cal. 336; Phillips v. Hagadon, 12 How. Prac. 17; People v. Mayor, etc., of City of New York, 28 Barb. 240.

Finally, a hearing, or an opportunity to be heard, at some stage of the proceedings, being a condition precedent to the authorized seizure and sale of property for delinquent taxes, the averment in the complaint to the effect that respondents were deprived of that right, when considered with other allegations, was sufficient to constitute a cause of action, for the reason that the curative statute is, in that particular, unconstitutional and void. The order appealed from is affirmed.

CORSON, P. J. (concurring specially.) I concur in affirming the order overruling the demurrer, upon the ground that it is alleged in the complaint that there was no meeting of the board of equalization in June, the time fixed by law for its meeting, and it does not affirmatively appear by the complaint that the board met at any other time. But I dissent from the proposition, stated in the opinion, that a failure of the board of equalization to meet at the time fixed by law is so far jurisdictional as to render the tax illegal and void. In my opinion, if the board subsequently met, and the plaintiffs appeared before it, or had notice and an opportunity to do so, the failure to meet at the time fixed by law was only an irregularity that could be cured, and was cured, by the legislative act. The legislature may, by a curative act, make valid any proceedings it could have authorized in the first instance. It will not be questioned, I apprehend, that the legislature possesses the power to change the time for the meeting of the board. If it has the power to make such change, it necessarily follows that it has the power, by a curative act, to make valid the meeting of the board at any other time, provided the plaintiffs were in fact heard, or had a fair opportunity to be heard. People v. McDonald, 69 N. Y. 362. It may appear, when an answer shall be filed, that there was a meeting of the board at a subsequent time, before which the plaintiffs appeared, or had an opportunity to appear. If so, I am of the opinion that the act of the legislature cured the irregularity.

HANEY, J. (concurring specially). I concur in the views · expressed by the presiding judge. The order appealed from should be affirmed, but it should be borne in mind that this is a contest between an owner of realty and the holder of a tax certificate, the government having collected the tax. This case does not involve the right of a taxpayer to enjoin the collection of a tax upon property subject to taxation. Its object is to prevent a purchaser at tax sale from casting a cloud upon the plaintiff's title by obtaining and recording a tax deed. The right of a taxpayer to enjoin the collection of a tax which he ought to pay was considered by the territorial supreme court in Frost v. Flick, 1 Dak. 131, 46 N. W. 508. The doctrine therein announced has remained unchallenged in this jurisdiction for more than 20 years. I am not prepared at this time to say it should be abandoned or modified, and desire that nothing contained in this decision shall be construed as an intimation to that effect, so far as I am individually concerned.