## OHLWINE, Respondent, v. BUSHNELL, Appellant

### (143 N. W. 362.)

1. **Taxation—Tax Sale Certificate—Tax Deed—Sale to County— . Recitals—"Best Bidder."**

    Since Laws 1891, Ch. 14, Sec. 114 (Pol. Code, Sec. 2204), provides that certificates of tax sales to county shall bear 12 per cent. interest per annum, it was not necessary that a tax deed to county should recite that the purchaser · was the "best bidder" as provided by Comp. Laws, 1887, Sec. 1639, as such requirement only applies to deeds under a sale to a competitive bidder by Laws 1893, Ch. 158, amending Laws 1891, Ch. 14, Sec. 106, providing for a sale to the person bidding lowest rate of interest not exceeding 15 per cent., etc; and recitals that the lots were offered for sale but not sold for want of bidders, and were then bid in by county treasurer, for a stated sum due and delinquent, with costs and charges, etc., are sufficient.

2. **Tax Sale—County—Right to Purchase—Non-competitive Purchase.**

    The county may not become a competitive bidder at tax sale, and can only purchase in case there are no other bidders.

3. **Constitutional Law—Taxation—Plenary Legislative Power— States.**

    The state's legislative power, under the Constitution, is plenary, except in so far as its exercise is inhibited or limited by express constitutional provisions, or necessary implication.

4. **Constitutional Law—Taxation—Due Process of Law—Necessary Opportunity to Object, Defined.**

    In providing for the enforcement of collection of taxes by sale or forfeiture of delinquent land, through legislative action, it is only necessary that taxpayer be given an opportunity to object to validity of the tax, that his land is not taxable, or that the manner of assessing or collecting them is not conformable to statute, at some state of tax proceedings, before he is irrevocably deprived of his property, and that such hearing shall be had before some board or tribunal competent to afford relief, in case of invalidity or injustice.

5. **Same—Taxation—Due Process of Law—Tax Proceedings—Tax Sale—Regulation.**

    The tax laws having provided for assessment of property, giving taxpayer opportunity to be heard before board of equal-. ization, requiring notice of sale for delinquent taxes, and giving right of redemption from sale, they constituted due process of law, and were not in violation of due process clause of the Constitution because Laws 1893, Ch. 158, amending Laws 1891, Ch. 14, Sec. 106, provided that taxes assessed remained delinquent, etc., the whole tract should be sold for the whole

amount of delinquent taxes to the person bidding the lowest rate of interest, not exceeding 15 per cent. per annum, instead of requiring a sale to the person bidding the amount of the tax for the smallest portion of the land.

Gates, J., taking no part in the decision.

(Opinion filed October 23, 1913.)

Appeal from Circuit Court, Beadle County.  Hon. Alva E. Taylor, Judge.

Action by Maggie Ohlwine against M. A. Bushnell, and L. H. Jones, Treasurer of Beadle County, to enjoin Bushnell from taking out a tax deed, and Jones from issuing a tax deed upon plaintiff's land.  From a judgment for plaintiff, defendant Bushnell appeals.  Affirmed.

*Null & Royhl,* for Appellant.

Said tax deed fails to state the bid made by the purchaser, as required by section 1639, Code of 1887.

Section 1639 (1887) requires the deed to contain recitals showing the purchaser to be the best bidder.  When the law, by Chap. 14, Laws 1891, and Ch. 158, Laws 1893, changed the method of bidding, the old form of deed still obtained.  The change in bidding justified a change in the language of the deed to meet the new conditions, but the essential elements must be present.  The deed should still show the bidder to be the best bidder, and where the county was the purchaser, the deed should show the bid made by the county.  The county might bid the maximum, but not necessarily.  It could bid whatever rate of interest it saw fit.

While the county could not purchase as a competitive bidder, yet the record should show and the deed should recite the "equivalent" the bid made by the county.

The form of deed in force at the time of the sale governs, regardless of when the deed issues.  Gibson v. Smith, 124 N. W. 733; Gibson v. Pekarek, 126 N. W. 597.

Section 106, chapter 14, Session Laws 1891, is unconstitutional.

A statute directing the sale of the lands for the amount of the taxes, restricting the bidding to the rate of interest, is unconstitutional.

"Due process of law" applies to tax proceedings, and the mere fiat of a Legislature that the property of A. shall become the

property of B. falls within the ban of the constitutional provision. Alexander v. Gordon, 41 C. C. A. 228 (reading bottom page 232 and top page 233) (101 Fed. 91). See note 8, C. C. A. 401; Cooley on Taxation, p. 465.

This present statute is a pure forfeiture statute, forfeiting the entire estate regardless of value, and regardless of the trifling amount of tax claimed.

The power to provide by law that the whole should be sold, when not necessary to pay the tax, is denied by the courts. Martin v. Snowdon, 18 Grat. 100; Downey v. Nutt, 19 Grat. 59; Cooley on Taxation, under title Excessive Sale, p. 496; Desty on Taxation, Vol. 2, p. 867.

*A. W. Wilmarth,* for Respondent.

The recitals in this deed, showing the right of county to purchase at tax sale, were proper and necessary. Reckitt v. Knight, (S. D.) 92 N. W. 1077.

This deed shows exactly what was necessary to be shown to make the deed valid on its face, to-wit, that there were no other bidders; that the land was not sold for the want of a bidder, and then for want of a bidder the treasurer of Beadle county purchased for the county. Secs. 113, 114, Laws 1891.

This deed, being in the form provided by section 1639, Laws of 1887, as modified by the Laws of 1891 and 1893, is fair on its face.

In the sale of any land for taxes, it must sell for enough to pay the taxes and all costs, interest and charges in connection with the sale. Vol. 37 Cyc, p. 1338.

A sale of the whole tract of land for a tax, even where a less amount would bring enough to satisfy the tax, is constitutional. Vol. 27, (2d Ed.) Am. & Eng. Ency. of Law, p. 832; Richards v. Howell, 60 Ark. 215, 29 S. W. 461; Southworth v. Edmonds, 152 Mass. 203, 25 N. E. 106; Sibley v. Smith, 2 Mich. 486; Tweed v. Metcalf, 4 Mich. 579; House v. Geemble, 78 Miss. 259, 29 So. 71; Roberts v. First Nat'l. Bank, 8 N. D. 504, 79 N. W. 1049.

SMITH, J. Appeal from the circuit court of Beadle county. Plaintiff alleges that she is the owner of certain lots in the city of Huron; that her title was derived through a tax deed, which is

set out in full in the complaint. The questions upon this appeal are as to validity of this tax deed. Trial to the court. Findings of fact, conclusions of law, and judgment for plaintiff. Defendant appeals.

From the tax deed it appears that on November 6, 1893, the lots were sold for taxes of 1892, amounting to $17.83. The deed contains the recital, "The lots were offered at public auction, but not sold for the want of bidders, and were then bid in by the county treasurer, in the name of Beadle county, for the sum of seventeen and eighty-three one-hundredths (17.83) dollars, being the amount due on the following tracts or lots returned delinquent for the nonpayment of taxes, costs and charges for the year 1892." The deed was issued January 9, 1906. The briefs and assignments of error raise but two questions: (1) Is the deed sufficient in form? (2) Is the statute under which the sale was had unconstitutional and void?

[1] Appellant contends that the tax deed is invalid in that it fails to state the bid made by the county as purchaser, citing the statute in force at the time of the sale. Section 1639, Code 1887. When the sale was made in 1893, the statutory form of tax deed was prescribed by section 1639, supra. The land was sold pursuant to the provisions of chapter 14, Laws of 1891, as amended by chapter 158, Laws of 1893. Prior to 1891, lands were sold for delinquent taxes by bidding the "least quantity of land." By the act of 1893, amending chapter 14, Laws of 1891, the manner of sale was changed to require the whole tract of land to be sold for the whole amount of the delinquent tax, to the person who bid the lowest rate of interest, not exceeding 15 per cent. per annum, who should be deemed the best bidder. Section 1639 (Code 1887) required tax deeds to be substantially in the form therein prescribed, which contained recitals showing the purchaser to be the "best bidder." No change was made by the act of 1891, or its amendment in 1893, in the form of the tax deed. Appellant conceded that the change in the mode of bidding at tax sales would in itself justify a change in the language of the deed to conform to the facts, but contends that the tax deed upon sales to the county should have contained recitals to the effect that the purchaser offered the lowest rate of interest and was the best bidder. We think counsel are correct, where the sale

was made to a competitive bidder.   But the contention that the same recitals are necessary or proper, where lands are bid in by the county for want of bidders, is erroneous.   This contention is founded upon the assumption that the statute does not provide the rate of interest which the county shall bid, and that the county may bid any rate of interest it sees fit.   Section 114, chapter 14, Laws 1891, among other things, provides: "The certificate or certificates so issued to the county shall bear interest at the rate of 12 per cent per annum."   The same provision was re-enacted in section 125, chapter 28, Laws of 1897, and was again re-enacted as section 2204, Revised Pol. Codes of 1903.   The rate of interest, being fixed by statute, attaches to and becomes a part of the county's bid or purchase at tax sale, and need not be recited, either in the certificate of tax sale, or in the tax deed.

[2] It is settled that the county may not become a competitive bidder under this statute, and can only become a purchaser at tax sales, in case there are no other bidders.   Reckitt v. Knight, 16 S. D. 395, 92 N. W. 1077.   It may be conceded that the tax deed should contain recitals disclosing the want of bidders, as a condition to the right of the county to purchase at tax sale.   As we have seen, the deed here involved contains recitals that the lots were offered for sale but not sold for want of bidders, and were then bid in by the county treasurer, for the sum of $17.83, being the amount due and returned delinquent for nonpayment of taxes, costs, and charges for the year 1892.   The recitals are sufficient to comply with the requirements of the statute, and appellant's contention that the tax deed is invalid for want of proper recitals cannot be sustained.

[3] Appellant's second contention is that the tax deed is invalid because the statute under which the lands were sold is unconstitutional, in that it requires a sale of the whole tract when not necessary for the payment of the tax, and that this amounts to a taking of property without "due process of law."   It has been long settled in this state that, under the Constitution, legislative power is plenary, except in so far as its exercise is inhibited or limited by express constitutional provisions, or necessary implication.   Re Limitation of Taxation, 3 S. D. 456, 4 N. W. 417.

It is equally well settled that tax proceedings are within the

"due process" clause of the Constitution. Evans v. Fall River Co., 9 S. D. 130, 68 N. W. 195; Turner v. Hand Co., 11 S. D. 351, 77 N. W. 589; Tripp v. Yankton, 10 S. D. 516, 74 N. W. 447; Alexander v. Gordon, 101 Fed. 91, 41 C. C. A. 228-232; Erickson v. Cass Co., 11 N. D. 494, 92 N. W. 841.

[4-5] The taxation laws of this state which provide for assessment of property, giving the taxpayer an opportunity to be heard before the board of equalization, requiring a notice of sale for delinquent taxes, and giving the right of redemption from sale, are not in violation of the constitutional provision as to "due process of law." It is appellant's contention, however, that the statute restricting competitive bidding at tax sales to the rate of interest alone is, in effect, a forfeiture statute, and is in violation of the "due process" clause. Forfeiture tax statutes which provide for a judicial hearing and determination on the question whether facts exist constituting statutory conditions of forfeiture for nonpayment of taxes are not necessarily invalid. It is only that class of statutes which declare that a title shall vest absolutely and beyond dispute, which are open to the objections urged by appellant in this case.

It is undoubtedly competent for the Legislature to determine what taxes shall be raised, and to prescribe the mode of assessment and collection. It necessarily follows that the Legislature has the right to enforce collection of taxes by the sale or forfeiture of the delinquent land. This may be done without providing for a trial of the right to lay the taxes, or of the liability of the person upon whom they are charged, though the Legislature may not by its enactment declare a final and absolute divestiture of title without giving the taxpayer an opportunity to be heard in opposition. But it is only necessary that the taxpayer shall be afforded an opportunity to interpose objections to the validity of the tax, that his land is not liable for taxes, or that the manner of assessing or collecting them is not conformable to the statute, at some stage of the tax proceeding, before he is irrevocably deprived of his property, and that such hearing shall be had before some board or tribunal competent to afford relief, in case of invalidity or injustice. As was said in Bartlett v. Wilson, 59 Va. 23, 8 Atl. 321: "If its method is one that in itself, and its intended normal working, will result in equal and

uniform taxation as between all its citizens, and the right of hearing upon alleged errors is preserved, such method is due process of law." Such an enactment of the Legislature is in itself "due process of law." People v. Smith, 21 N. Y. 595-598; Garrison v. City of New York, 21 Wall 196, 22 L. Ed. 612. Within these limitations, the procedure for the enforcement or collection of taxes is largely, if not wholly, within the discretion of the Legislature. It is only required that the substantial and fundamental rights of the taxpayers shall be protected. Parker v. City of Davenport, 65 Iowa, 633, 22 N W. 904; Ky. R. R. Tax Cases, 115 U. S. 321, 6 Sup. Ct. 57, 29 L. Ed. 414. A public statute, which specifies the day and place when a board of equalization will meet, before which taxpayers may be heard to urge objections to the assessment and an opportunity to contest the validity of the tax proceeding, constitutes due process of law. A person affected by its action cannot complain that such action was without notice to him. Santa Clara Co. v. So. Pac. Co. (C. C.) 18 Fed. 385; O'Neal v. Bridge, 18 Md. 26, 79 Am. Dec. 669; State v. Runyon, 41 N. J. Law, 98; Nixon v. Ruple, 30 N. J. Law, 58; State v. New Lindell Hotel Co., 9 Mo. App. 450. That tax proceedings under the statutes of this state conform to these requirements is so obvious that a review of the statutes is unnecessary at this time.

We find no provision in the Constitution which, either expressly or by necessary implication, limits the power of the Legislature, in the exercise of its discretion, to enact a statute which requires a sale of the entire tract for the entire amount of taxes, and limits competition at tax sale to the rate of interest during the period of redemption.

The order of the trial court is affirmed.

GATES, J., took no part in this decision.