FILKINS, Receiver, Respondent, vs. NUNNEMACHER and others, imp., Appellants.

*December 16, 1891 — January 12, 1892.*

*Right of foreign receiver to sue in this state: Judicial comity: "Trustee of an express trust."*

1. A receiver appointed in a creditor's suit in an Illinois court has no right or title to the property of the debtor situated in this state, and cannot maintain an action in this state to set aside an alleged fraudulent conveyance of property by such debtor.

2. Judicial comity does not require the courts of this state to allow such an action to be prosecuted here.

3. If such a receiver were a trustee of an express trust within the meaning of sec. 4280, R. S., that section would not apply, because no part of his trust estate is situated in this state. But that section was not intended to apply to a mere officer of court.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought in the Milwaukee circuit court by the respondent, as receiver of the property of one Niels C. Frederiksen, against *Nunnemacher* and a number of others as defendants. No complaint was served, but the plaintiff gave notice of the examination of defendants as adverse parties before a court commissioner, which notice was accompanied by the affidavit of one Hewetson on behalf of the plaintiff. From the affidavit it appeared that the plaintiff had been appointed by the superior court of Cook county, Illinois, receiver of one Frederiksen, and had given bonds as such, which had been approved by the court; that this action is brought to recover property which has come into the hands of defendants through their transactions with said Frederiksen, with intent to hinder, delay, and defraud the creditors of said Frederiksen; that plaintiff has recorded a duly authenticated copy of his appointment in the office of the register of deeds of Milwaukee county; and that the plaintiff cannot draft his complaint without the ex-

amination of the said defendants in regard to said alleged fraudulent transactions. The affidavit then sets forth generally and at length the points and transactions on which it is desired to examine the several defendants, covering, in some instances, business transactions running back ten years.

Before this examination was held, the defendants *Nunnemacher*, *Le Saulnier* and *Morris* moved that the examination be prohibited, because the facts set forth in the affidavit did not authorize it, and, if not prohibited, then that it should be limited in certain particulars. This motion was denied *in toto*, and from said denial this appeal was taken.

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas* and *Miller, Noyes & Miller*, and oral argument by *F. C. Winkler*. To the point that the plaintiff, as receiver appointed in a creditors' suit pending in another state against an individual, cannot sue in this state, they cited *Booth v. Clark*, 17 How. 322; *Brigham v. Ludington*, 12 Blatchf. 237; Beach, Receivers, secs. 680 *et seq.;* High, Receivers, secs. 239 *et seq.*, 455.

*N. S. Murphey*, for the respondent, to the point that the suit may be prosecuted under the principle of judicial comity, cited High, Receivers, 241; *Runk v. St. John*, 29 Barb. 585; *Hoyt v. Thompson*, 5 N. Y. 320; *Hunt v. Columbian Ins. Co.* 55 Me. 290; *Taylor v. Columbian Ins. Co.* 14 Allen, 353; *Bank of Augusta v. Earle*, 13 Pet. 519; *In re Waite*, 99 N. Y. 433.

WINSLOW, J. Though the statements of the affidavit are scanty on the subject, we deem it a fair inference therefrom that the plaintiff was appointed a receiver in a creditors' suit in the Chicago court, and is endeavoring to prosecute this suit in that capacity. The cause was argued upon this basis, and respondent's brief states substantially that such is the fact. So we assume that the plaintiff is a re-

ceiver in a creditors' suit, and is suing to collect property or money with which to pay Illinois judgments, under the direction of an Illinois court.

The question naturally first arises whether such an officer has any power which he can exercise in Wisconsin. Certainly the Illinois court could not transfer to this receiver any property outside of its territorial jurisdiction. This court has already considered and decided this precise question in *McClure v. Campbell*, 71 Wis. 350. In that case the question was whether an assignment of property, made by order of court pursuant to a bankrupt act, the assignee being in effect an officer of the court, and the assigned property being *in custodia legis* and administered by or under direction of the court, has any extra-territorial effect. It was held that it did not; that such an assignment in Minnesota was not a valid transfer of personal property in this state. This conclusion is founded on reason and sound policy. The reason plainly is that a court cannot endow its officials with powers beyond its own jurisdiction. The stream cannot rise higher than the fountain-head. Therefore, by his appointment in Illinois, the plaintiff acquired absolutely no right or interest in any property owned by Frederiksen in Wisconsin. If he acquired no right or interest in Frederiksen's property in Wisconsin, by what right can he bring a suit here to set aside an alleged fraudulent conveyance of property by Frederiksen? Suppose he is successful in such a suit, we should have this remarkable anomaly: that, although this receiver cannot come to Wisconsin and take Frederiksen's property, still he can come here and prosecute an action against a third person, and show that such third person has no title to property as against Frederiksen's creditors, and triumphantly bear away *such* property to Illinois to pay creditors. The law does not tolerate such an absurdity. The fact simply is that the order appointing a receiver con-

fers no extra-territorial rights either to property or to maintain actions to recover property.

But it is said that this action may be maintained by the plaintiff as trustee of an express trust, under the provisions of sec. 4280, R. S.[1]  Granting that the plaintiff is a trustee of an express trust, still the section would scarcely apply to him.  Careful reading of the section shows that it is confined to cases where there is a trust estate, a part of which is situated in Wisconsin.  If we have been successful in expressing our views in this opinion, we think it must appear that there is no part of the plaintiff's trust estate in Wisconsin.  We think, moreover, that the section plainly was not intended to apply to a mere officer of court, like the plaintiff, although he may be, in a sense, a trustee.  Agents and factors are frequently called "trustees," and are rightly held to the liabilities of trustees, but no one would contend that such a trusteeship is referred to in sec. 4280.

In default, however, of any strictly legal right to maintain this action, it is urged that it should be allowed to be prosecuted on the ground of judicial comity.  This phrase may mean little or much.  It is as vague in meaning as it is pleasing in sound.  The plaintiff is an officer of an Illinois court,— a sort of a sheriff, with enlarged powers, armed

[1] Sec. 4280, R. S., provides: "When a trustee of any express trust shall have been duly appointed in any other state, . . . and no trustee shall have been appointed in this state upon that part of the trust estate situate in this state, such foreign trustee may have recorded in the office of any register of deeds of any county in which any part of such trust estate may be situated, his original appointment, or a copy thereof duly authenticated, . . . and thereafter may exercise any powers over such trust estate, including sales and conveyances and assignments thereof or of any part thereof; and may prosecute or defend any action or proceeding relating thereto, and have all the rights, remedies, and defenses in regard to the property, real and personal, and interests, legal and equitable, and to collect any demands of such estate, which such a trustee could have if he were so appointed within and pursuant to the laws of this state."— REP.

with an equitable execution; the executive arm of a court in Illinois, which is to be extended into Wisconsin to grasp property here and transport it to Illinois and there account for it. Does judicial comity require that Wisconsin courts should lend their active aid to such a proceeding? If so, then why should not the right to levy an execution within this state be extended to an Illinois sheriff by judicial comity? It would not seem necessary to extend the discussion further. Judicial comity goes to no such length. The reason is well stated in *Booth v. Clark*, 17 How. 322. It is, in brief, that the court whose aid is sought has no control over the fund recovered which is to be taken out of its jurisdiction without the power of requiring security and without any control over the plaintiff's subsequent action or power of calling him to account. The weight of authority sustains our conclusion. High, Rec. § 239, and authorities there cited.

This view of the case renders unnecessary any discussion of the other questions raised. If the plaintiff is not entitled to maintain his suit, the examination proposed would be improper.

*By the Court.*— Order reversed, and cause remanded with directions to enter an order prohibiting the examination of appellants.