CHARLES C. GILBERT v. MICHAEL HEWETSON and Another.

May 2, 1900.

Nos. 12,038—(144).

### Traffic in Trust Property.

The principle of equity jurisprudence, that a person occupying a fiduciary relation with respect to the business of another will not be permitted to deal or traffic with the trust property in his own interests, applied.

### Foreign Receiver—Title to Choses in Action.

A receiver of the property of a resident of the state of Illinois, appointed in a creditors' suit pending in that state, to whom all the property of the debtor, real, personal, and mixed, is transferred by order of the court, acquires thereby title, and the right to recover upon a debt due to the debtor from a resident of the state of Wisconsin. The situs of such debt is at the domicile of the creditor.

### Purchase by Confidential Clerk of Receiver.

Defendant, Hewetson, was a trusted clerk and confidential adviser of plaintiff, who was a duly-appointed and acting receiver of the property of one Frederiksen, and as such clerk had general charge of the affairs of the receivership. He thereby obtained knowledge and information concerning certain property belonging to the trust estate, and wrongfully, with the assistance of others, collected, and invested $3,000 thereof in lands within this state, in his own name and for his own use and benefit. *Held*, that the land should be impressed and charged with a trust in favor of the receiver to the extent of such sum of money, with interest.

### Statute of Limitations—Pleading.

The statute of limitations, to be available as a defense, must be pleaded. If not pleaded, the statute is waived, except in cases when the question is raised by demurrer. Hardwick v. Ickler, 71 Minn. 25, followed.

### Power of Receiver over Clerk or Agent.

A receiver appointed in a creditors' suit has no authority in law to

permit his clerk or agent to deal in the property belonging to the receivership, to his own interest and detrimental to the trust, nor can he ratify or sanction such act on the part of his agent or clerk, except, perhaps, by express authority and approval of the court appointing him, upon a showing to such court of all the facts.

Action in the district court for Winona county by plaintiff, as receiver of the estate of Niels C. Frederiksen, against Michael Hewetson and Bessie Hewetson, his wife, to enforce a constructive trust. The case was tried before Snow, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed.

*Webber & Lees*, for appellant.

The money was received from Nunnenmacher charged with a trust in favor of the receiver. By virtue of his appointment as receiver Filkins became trustee for Frederiksen's creditors, holding his estate for their benefit. High, Rec. § 175; Smith, Rec. § 6. He had no power to sell, or to compromise claims, without sanction of the court. High, Rec. §§ 186, 191, 192; Smith, Rec. §§ 28, 34. Had he taken $3,000 of the money received by him as receiver and invested it in land, the creditors could follow it and charge the land with a trust in their favor. G. S. 1894, § 4282; Bitzer v. Bobo, 39 Minn. 18; Donahue v. Quackenbush, 62 Minn. 132; 2 Pomeroy, Eq. Jur. §§ 1049, 1052, 1080. The clerk or sub-agent of a trustee or agent is, like his principal, prohibited from dealing with the trust estate for his own advantage. If he does so, he must refund the property or account for its value. Gardner v. Ogden, 22 N. Y. 327, 78 Am. Dec. 192, and note; Poillon v. Martin, 1 Sandf. Ch. 569; Burke v. Bours, 92 Cal. 108; 2 Pomeroy, Eq. Jur. § 979. A receiver, trustee, attorney, agent, or any other person occupying a fiduciary relation respecting property or persons is disabled from acquiring, for his own benefit, the property committed to his custody for management. King v. Remington, 36 Minn. 15; Lewis v. Welch, 47 Minn. 193; McKinley v. Williams, 20 C. C. A. 312; Mechem, Ag. §§ 467–469; 1 Am. & Eng. Enc. (2d Ed.) 1072; Fox v. Mackreth, 2 Cox, 320; Smitz v. Leopold, 51 Minn. 455. Upon buying the Rice claim Upton became trustee for the creditors

represented by the receiver, and held the claim for their benefit. Clark v. Stanton, 24 Minn. 232; Gillett v. Gillett, 9 Wis. 194; Sutliff v. Clunie (Cal.) 37 Pac. 224; Manhattan v. Dodge, 120 Ind. 1.

Hewetson cannot claim that the receiver is not entitled to the money. Part payment of a demand is, without anything more, an admission of liability. 18 Am. & Eng. Enc. 232; Shoemaker v. Benedict, 11 N. Y. 176. A payment made under the circumstances disclosed should be deemed an equally conclusive admission of liability with that which is raised by the payment of money into court. 1 Jones, Ev. § 294; 1 Greenleaf, Ev. § 205. There were no laches. Where defendant does not show that he has been prejudiced by delay, and there is nothing except the lapse of time to indicate that delay was blamable, the right to maintain an action is not lost by any lapse of time short of the period fixed by the statute of limitations. Burke v. Backus, 51 Minn. 174; Dutton v. McReynolds, 31 Minn. 66; Cameron v. Chicago, M. & St. P. Ry. Co., 60 Minn. 100. Where an agent seeks to avail himself of an advantageous transaction by reason of his confidential relation as employee, and such transaction is sought to be set aside after the transaction has become stale, the rule seems to be that it is very difficult for the agent to set up as a defense the laches of his employer. Length of time weighs less in this case than in any other. Bell v. Hudson, 73 Cal. 285, 2 Am. St. Rep. 791, 797, note; Sutherland v. Reeve, 151 Ill. 384; Gibbons v. Hoag, 95 Ill. 45, 67; Morse v. Hill, 136 Mass. 60; Fitzgerald v. Fitzgerald, 44 Neb. 463; Pence v. Langdon, 99 U. S. 578, 581; 2 Pomeroy, Eq. Jur. §§ 805, 812; Matter of Lord, 78 N. Y. 109. An agent or trustee can only ratify such acts as he himself has power to do. 1 Am. & Eng. Enc. (2d Ed.) 1183; Fargo v. Cravens, 9 S. D. 646; Duckett v. National, 86 Md. 400; Broder v. Conklin, 121 Cal. 282.

*Munn & Thygeson* and *J. P. Kyle*, for respondents.

There was no fraud in connection with the Nunnenmacher transaction. After a considerable lapse of time, the evidence establishing a parol or implied trust ought to be very clear and satisfactory. Randall v. Constans, 33 Minn. 329, 338. There was no constructive fraud. Assuming, for the purpose of argument, that

Upton and Murphy and Hewetson were dealing with property of their principal, still there is no constructive fraud, because in all that they did in connection therewith they acted with the knowledge, consent, and acquiescence of the receiver, and he is estopped to assert they committed any fraud on him. 2 Herman, Estop. §§ 1061, 1063, 1064; 2 Pomeroy, Eq. Jur. §§ 958, 959, 965; Mechem, Ag. §§ 464, 466; 1 Am. & Eng. Enc. (2d Ed.) 1080, 1081; Bassett v. Brown, 105 Mass. 551. There was no constructive fraud, because Upton and the rest did not deal with any property in the hands of the receiver or to which he had any right or title.

The receiver had no right to the money received by Hewetson out of the Nunnenmacher transaction, because the receiver had no valid or enforceable claim against Nunnenmacher, and the court so finds. The settlement was not an admission of liability. 1 Greenleaf, Ev. § 192; Smith v. Morrill, 12 Colo. App. 233. Filkins was not receiver of any property of Frederiksen in Wisconsin. The decision of the Wisconsin court in the case of Filkins v. Nunnenmacher, 81 Wis. 91, is binding on the court and on the parties to this action. Cone v. Hooper, 18 Minn. 476 (531); Kipp v. Fullerton, 4 Minn. 366 (473); Thurston v. Thurston, 58 Minn. 279; Park Bank v. Remsen, 158 U. S. 337, 342.

Plaintiff cannot now claim any interest in the lands in question, because the money with which they were purchased was no part of the trust estate; because, at the time the lands were deeded to Hewetson, he was not in the employ of the receiver; because plaintiff has never reimbursed or offered to reimburse defendant for the moneys which he put into the lands.

The action cannot be maintained for the following other reasons: Because it appears that, at the time the action was commenced, plaintiff had no authority from the court to sue. High, Rec. § 801; Beach, Rec. §§ 650, 699; Swing v. White River, 91 Wis. 517; Pendleton v. Russell, 144 U. S. 640. Because the action is barred by the statute of limitations of this state, and of Illinois. Duxbury v. Boice, 70 Minn. 113; Humphrey v. Carpenter, 39 Minn. 115; Morrill v. Little Falls Mnfg. Co., 53 Minn. 371; Broder v. Conklin, 121 Cal. 282. No repudiation of a constructive trust by the trustee is required in order to set the statute of limitations in motion. 2 Perry,

Trusts, § 865; Haynie v. Hall, 5 Humph. (Tenn.) 290; Wilmerding
v. Russ, 33 Conn. 67; Kennedy v. Baker, 59 Tex. 150; Hecht v.
Slaney, 72 Cal. 363; Nougues v. Newlands, 118 Cal. 102.   The action
is barred by the statutes of Illinois, and is therefore barred in
this state.   Luce v. Clarke, 49 Minn. 356.   It is barred by laches
and acquiescence.   The defense of laches may be made without
any formal plea thereof, or without any plea of the statute of limi-
tations.   12 Am. & Eng. Enc. 609; Marsh v. Whitmore, 21 Wall.
178, 185; Bryan v. Kales, 134 U. S. 126, 135; Lakin v. Sierra Buttes
G. M. Co., 25 Fed. 337; Maxwell v. Kennedy, 8 How. 210, 222;
McLaughlin v. People's Co., 21 Fed. 574; Jones v. Perkins, 76 Fed.
82.   Delay for a period sufficient to deprive complainant of the
right to enforce his demand in a court of law is such laches as will
justify dismissal of a bill in equity.   12 Am. & Eng. Enc. 566; 1
Pomeroy, Eq. Jur. § 419; Rugan v. Sabin, 53 Fed. 415, 421, 10 U. S.
App. 519; Godden v. Kimmell, 99 U. S. 201, 210; Ashhurst's Appeal,
60 Pa. St. 290; Breit v. Yeaton, 101 Ill. 242, 245; Galliher v. Cad-
well, 145 U. S. 368, 372; Harwood v. Railroad Co., 17 Wall. 78;
Twin-Lick Oil Co. v. Marbury, 91 U. S. 587; Hayward v. National
Bank, 96 U. S. 611; Holgate v. Eaton, 116 U. S. 33; Davison v.
Davis, 125 U. S. 90; Societa Fonciere v. Milliken, 135 U. S. 304;
Peabody v. Flint, 6 Allen, 52; Thompson v. Lambert, 44 Iowa, 239;
International v. Bremond, 53 Tex. 96; Chetwood v. Berrian, 39
N. J. Eq. 203.

BROWN, J.

This is an action to enforce a constructive trust.   The defend-
ants had judgment in the court below, and the plaintiff appeals.

The facts, in brief, are as follows: In December, 1889, in a cred-
itors' suit brought in the superior court of Cook county, in the
state of Illinois, one Edward A. Filkins, of the city of Chicago, was
duly appointed by said court receiver of the property and estate of
the defendant in such action, Niels C. Frederiksen, with all the
powers, rights, and duties of receivers in such cases.   Said Filkins
duly qualified as such receiver, and thereafter continued to act as
such until August 5, 1892, when he resigned, and afterwards, by
proper order of the same court, the plaintiff in this action was duly

appointed his successor. Plaintiff duly qualified as such, and now is the duly-qualified and acting receiver in such matter. At the time of the appointment of such receiver, said Frederiksen resided in the state of Illinois. In addition to such appointment, said superior court duly made a further order requiring said Frederiksen to deed and transfer to said receiver all and singular his property, real, personal, and mixed, and requiring and ordering that, in case of his failure to make such transfer, John T. Noyes, a master in chancery of said court, do so for him. Frederiksen refused to make the transfer, and said master in chancery duly made and executed a proper conveyance of said property to such receiver.

From December, 1889, to August, 1892, the defendant Michael Hewetson was in the employ of said receiver as clerk, and as such had general charge of the business of the receivership, with access to the books and papers pertaining thereto, and during the whole of said time occupied a position of trust and confidence to said receiver with respect to the business, property, and effects belonging to the estate. Among other items of property claimed by said receiver to belong to said Frederiksen, and to said receiver, by virtue of his said appointment, were certain causes of action against one Nunnenmacher for the recovery of usurious interest by him unlawfully taken from Frederiksen, which causes of action were claimed to amount in the aggregate to between $100,000 and $200,000; the facts with reference to which were unearthed and brought to light by said Hewetson acting as such confidential clerk. Said Nunnenmacher resided in the state of Wisconsin. The receiver brought an action in the circuit court of that state, seeking a recovery upon such causes of action, and the supreme court of that state held that a receiver appointed by the court of another state could not maintain such an action in the state of Wisconsin. Filkins v. Nunnenmacher, 81 Wis. 91, 51 N. W. 79. A motion for a reargument of said cause was duly made to that court, and the same was pending at the time of the settlement to be presently mentioned.

During the time he was so acting as the agent and clerk of said receiver, said Hewetson also discovered from the books and papers in his charge and under his control that one Rice, a resident of the

state of Wisconsin, held and owned certain promissory notes against said Frederiksen, amounting in the aggregate to the face value of about $96,000. Subsequent to the decision of said supreme court of Wisconsin, and pending the motion for a reargument, said Hewetson, and certain of the attorneys who had been retained by and were acting for said receiver, connived and conspired together to purchase said Rice notes, and therewith, and by means of a suit thereon against Frederiksen in the courts of Wisconsin, coupled with a garnishment against said Nunnenmacher, to force a settlement with said Nunnenmacher upon said causes of action so due to said Frederiksen, and to appropriate the proceeds thereof to their own use and benefit. Said Hewetson and attorneys understood from the decision of said Wisconsin supreme court that the receiver could not enforce his claim to the causes of action against Nunnenmacher in the courts of that state, and they sought to take advantage of the situation, and secure the same for their own benefit. In pursuance of this agreement between said Hewetson and said attorneys, said Hewetson, some time in the year 1891, negotiated a sale of said promissory notes from said Rice to one of said attorneys for the sum of $3,000. Later on in said year, and while said receiver's action to recover from said Nunnenmacher was still pending in said supreme court of Wisconsin, said attorney to whom said notes were sold and transferred brought suit thereon in the circuit court of Wisconsin against said Frederiksen, the maker thereof, and said Nunnenmacher as garnishee, seeking thereby to charge said Nunnenmacher with the indebtedness which the receiver was endeavoring to obtain by his suit. The attorneys so engaged with said Hewetson were the same attorneys who were acting for the receiver in his suit against Nunnenmacher.

In February or March, 1892, the said attorneys procured a settlement from said Nunnenmacher of both the receiver's suit and the action brought by them on said Rice notes, and Nunnenmacher paid to them in full adjustment of the Frederiksen claims against him the sum of $36,000; $1,000 in settlement of the receiver's suit, and $35,000 in settlement of the suit on the Rice notes. The receiver accepted the $1,000, supposing that that was all he could realize. He was so advised by said attorneys. The receiver knew that one

of his attorneys held the Rice notes, that action had been brought thereon, and also knew that negotiations were pending for the settlement thereof, but he did not know the nature of the settlement made. It was in August following this settlement that the plaintiff succeeded the former receiver.

Hewetson received, as his share of the profits of this transaction, the sum of $5,333.33, of which sum he invested $3,000 in the lands described in the complaint. The purchase price of the land was $6,179.85. Of this Hewetson paid said $3,000 in cash. The balance was paid subsequently, and from the proceeds of sales of certain portions of the land. Other facts are set out in the findings of the trial court, but the foregoing, though not as full and complete as such findings, is a sufficient statement to give an understanding of the questions presented.

The action is one to impress the land with a trust in favor of plaintiff to the extent, at least, of the $3,000 invested therein by Hewetson from the proceeds of the Nunnenmacher deal. It is founded on the fundamental principle of equity jurisprudence that a receiver, agent, attorney, or other person occupying a position of trust and confidence, respecting the business or property of another, will not be permitted or allowed to take advantage of his position to deal or traffic in the property or property rights of his trust to his own advantage or benefit. A person occupying such fiduciary relation is held strictly to an honest performance of his duties in the interests of his principal, and to the absolute exclusion of his own personal interests. The principle is very clearly stated in King v. Remington, 36 Minn. 15, 29 N. W. 352:

A receiver, trustee, attorney, agent, or any other person occupying fiduciary relations respecting property or persons is utterly disabled from acquiring for his own benefit the property committed to his custody for management. This rule is entirely independent of the fact whether any fraud has intervened. No fraud in fact need be shown, and no excuse will be heard from the trustee. It is to avoid the necessity of any such inquiry that the rule takes so general a form. The rule stands on the moral obligation to refrain from placing one's self in positions which ordinarily excite conflicts between self-interest and integrity. It seeks to remove the temp-

tation that might arise out of such a relation to serve one's self-interest at the expense of one's integrity and duty to another, by making it impossible to profit by yielding to temptation. It applies universally to all who come within its principle.

This case comes fairly within this principle. Hewetson was a trusted clerk and confidential adviser of the receiver; had full charge of the conduct of the receivership, subject to the approval of the receiver; and, with knowledge and information gained while holding such position, he, with the attorneys of the receiver, sought to enrich themselves at the expense of the trust estate. He may have proceeded in good faith,—may have supposed that the receiver had no title or interest in the Nunnenmacher claims,—but his good faith does not relieve him. It is not necessary to show fraud in such cases. Equity declares all such transactions illegal, and all profits accruing to the trustee to belong to the cestui que trust, without regard to any intentional or other fraud. King v. Remington, supra. The court below recognized this principle, but disposed of the case adversely to plaintiff, mainly on the theory that the Nunnenmacher causes of action did not pass to the receiver, and that he was in no way injured by the transaction. Counsel for respondents urge this and other reasons in support of their contention that the judgment should be affirmed. We are satisfied that the findings of fact are sufficient to warrant a judgment in plaintiff's favor, unless the position of the trial court with respect to some legal questions is correct. We will therefore turn our attention to such questions.

1. It is urged by respondents, and the court below held, that there was no showing of a legal liability on the part of Nunnenmacher to Frederiksen on account of the alleged causes of action for usurious interest, and that, in consequence, the receiver lost nothing by the conduct of Hewetson and the attorneys, and cannot complain. This contention cannot be sustained. Hewetson unearthed, by an examination of the books and papers belonging to Frederiksen, what he considered, and what all the attorneys considered, and evidently believed, to be a valid claim against Nunnenmacher, amounting to more than $100,000. The receiver's action in Wisconsin was brought to recover upon that claim. It is not

important whether the claim was in point of law valid and enforceable. To end the litigation, not only the receiver's suit, but the one brought by the attorneys, in which Nunnenmacher was made garnishee, upon the theory that he was indebted to Frederiksen, Nunnenmacher settled with the attorneys, and paid them upon that claim the sum of $36,000. He thereby confessed an indebtedness to Frederiksen in that sum. It belonged to Frederiksen, and the defendant and attorneys engaged with him appropriated it to their own use. They were engaged to act for the receiver, and were under every moral and legal duty to preserve and protect the interest of the trust estate. The money was paid to them in settlement of a cause of action which they knew was claimed by the receiver, and they cannot be heard to say that Nunnenmacher was not legally liable thereon.

2. The court below also held, in line with respondents' contention, that no title or interest in or to the Nunnenmacher cause of action passed to the receiver by the order of the court appointing him, or by the deed of the master in chancery. This contention is not based on any defect or omission in the order or deed, but upon the claim that the supreme court of Wisconsin so held, and it is insisted that the courts of this state should follow that decision. In this position we cannot concur.

By the order of the Illinois court, plaintiff was appointed receiver of all of Frederiksen's property, real, personal, and mixed, including choses in action of every kind, and the deed of the master in chancery conveyed the same to him. The decision of the Wisconsin supreme court is quite broad, and, on its face at least, seems to justify respondents' contention. It is there stated, in effect, that a receiver appointed in a creditors' suit by a court of another state acquires no title or interest to property located in Wisconsin. Whether this is sound law we need not consider. We do not believe that that court intended its decision to go to that extent. It certainly could not have intended so to decide with respect to the property here involved, because it was not located in that state at the time the receiver was appointed or since. The property consisted of certain causes of action for alleged usurious interest taken by Nunnenmacher from Frederiksen, and amounted to a debt or

chose in action, and had a situs at the residence of the creditor. Frederiksen resided in the state of Illinois at the time of the appointment of the receiver, and, in contemplation of law, this cause of action, or these causes of action, were with his person in said state, and undoubtedly passed to the receiver. Swedish-Am. Nat. Bank v. Bleecker, 72 Minn. 383, 75 N. W. 740; Putnam v. Pitney, 45 Minn. 242, 47 N. W. 790; State v. Gaylord, 73 Wis. 316, 41 N. W. 521; National v. Furtick, 2 Marvel (Del.) 35, 69 Am. St. Rep. 99, and cases cited in note on page 117. We do not, therefore, believe that the Wisconsin court intended to hold that the receiver acquired no title to the causes of action against Nunnenmacher, but only that he could not maintain an action to recover thereon in that state. That the court intended to go no further than this is evident by the syllabus. It is clear to us, and we hold, that the Nunnenmacher causes of action passed to the receiver, belonged to the trust estate, and that Hewetson and the attorneys had no right to purchase or to otherwise acquire the same for their own profit and benefit.

3. Respondents' contention that the plaintiff's cause of action is barred by the statute of limitations is wholly untenable. The case of Hardwick v. Ickler, 71 Minn. 25, 73 N. W. 519, most effectually puts at rest the question whether the statute must be pleaded to be available as a defense. It is there held that the statute is waived if not pleaded; and this, notwithstanding the bar of the statute may appear on the face of the complaint. The claim that plaintiff's cause of action is barred by laches is also untenable.

4. Counsel also urge that the receiver knew that his attorneys had purchased the Rice notes, and were endeavoring to enforce the same against Nunnenmacher, and that he made no objection thereto, but silently acquiesced therein, and it is claimed that he thereby waived all right to object to the transaction or to bring the parties to account. While it is true that the receiver had some knowledge as to the purchase of the Rice notes by Hewetson and his attorneys, and that they were endeavoring to enforce the claim against Nunnenmacher, this by no means amounts to a waiver of his rights or to a ratification of the acts of his agents. He was himself an agent, a trustee of an express trust, and he could not permit or

authorize his agent to do with the trust estate that which he himself could not do. He could not speculate in the trust property to his own advantage and benefit, nor could he authorize his agents to do so. It would be a perversion of the law to hold that an agent could, by his silence, authorize, ratify, or sanction an act he could not expressly authorize, sanction, or approve.

We have examined all the other points made by respondents, and find none of them fatal to appellant's right of recovery. The facts found by the trial court warrant at least a portion of the relief demanded in the complaint, and the judgment should have been for plaintiff. It is beyond question that Hewetson and the attorneys engaged with him violated the trust reposed in them, and they should be compelled to account. Hewetson acquired, with $3,000 of his share of the profits of the deal, the lands in question, and the receiver should be adjudged to have a specific lien 'thereon to the extent of such $3,000, and interest since the date of the Nunnenmacher settlement at the rate allowed by law. The judgment appealed from is therefore reversed, and the cause remanded, with directions to the court below to amend its conclusions of law so as to direct the entry of judgment in plaintiff's favor, adjudging and decreeing said sum of $3,000 and interest to be and constitute a specific lien upon the lands in question, and authorizing the enforcement thereof by execution, as in other cases.

Judgment reversed.