## GILBERT v. MURPHEY.

(Circuit Court, E. D. Wisconsin. August 24, 1900.)

ATTORNEY AND CLIENT—SETTLEMENT—LIABILITY OF ATTORNEY TO ACCOUNTING —RES ADJUDICATA—PLEADING.

An attorney, while representing a receiver appointed in Illinois in suits pending against N. in Wisconsin, purchased for a nominal sum an outstanding claim against the estate represented by the receiver, brought suit thereon, and attached the debt due the estate in the hands of N., and then effected a settlement with N., whereby all of the moneys due from the latter to the estate of the receiver were appropriated to the payment of the claim purchased save $1,000. To a bill filed by the receiver against the attorney for an accounting the attorney pleaded an adjudication in the action of the receiver against N., that the receiver acquired no title to the property in Wisconsin by his appointment in the Illinois court, and that defendant became privy to said adjudication, and entitled to the protection thereof, as to property purchased after the judgment was rendered. *Held* that, the settlement with N. having been effected while the relation of attorney and client subsisted, defendant's liability to account for the proceeds thereof could not be resisted by any plea in respect to the legality of the receiver's claim.

In Equity. On plea filed by the defendant, set down on behalf of the complainant for argument.

Henry Schofield, for complainant.
Fish, Cary, Upham & Black, for defendant.

SEAMAN, District Judge. The complainant sues as receiver of the estate of one Fredericksen, under appointment by the superior court of Cook county, Ill., as successor to one Filkins, who was the previously appointed receiver in the same matter. The bill charges, in substance, that the defendant, an attorney at law, and citizen of Wisconsin, acted as attorney for the said predecessor in the receivership, in conjunction with Cook & Upton, who were attorneys for the receiver at Chicago, and with one Hewetson, who was the agent and representative of the receiver in the various matters; that, so acting, certain suits were conducted by said defendant in Wisconsin to recover large claims asserted on behalf of the receivership against one Nunnemacher, which resulted in a decision by the supreme court adverse to the right of the receiver to maintain an action thereupon in the courts of Wisconsin, and such suits in the name of the receiver were eventually discontinued by the advice of the defendant; that pending the appeal to the supreme court in such proceedings, and for the ostensible purpose of providing against an adverse decision therein, such attorneys purchased for a small consideration a large claim against the trust estate held by one Rice, on which another suit was instituted by the defendant in the name of Upton, the nominal purchaser, with a garnishee and attachment proceeding against Nunnemacher, the same person who was defendant in the last-mentioned suits; that thereupon a settlement was made with Nunnemacher, whereby he paid over to the defendant, as such attorney, $36,000, as a compromise of all such claims against him, of which $1,000 only was paid over to the receiver, and the defendant failed and refused to account to the trust estate for the remaining $35,000, but the same was in some manner divided up between the attorneys and the agent, Hewetson, without accounting therefor to or with the trust estate; that Nunnemacher demanded and obtained upon such settlement releases of the trust estate, and discontinuance of all the suits, including the action in the name of the receiver, which was then dismissed by the defendant, together with the withdrawal of a petition for rehearing of the appeal to the supreme court then pending. On the allegations of the bill an accounting is sought against the defendant as for a trust arising out of his relation to the receivership in the transactions, with such other relief as equity may afford.

The defendant sets up by way of plea to the bill the matters and issues involved in the action by the receiver against Nunnemacher in the state court, and the decision of the supreme court, as res adjudicata that the receiver acquired no title to the property in Wisconsin by his appointment in the Illinois courts, and could not maintain his action in question, which was in the nature of a creditors' suit; that "the property or money sought to be reached by the

complainant in this suit was acquired" by the defendant from Nunnemacher after such "determination and adjudication by the supreme court, whereby this defendant became privy to the said adjudication, and entitled to the benefit and protection thereof," and is the identical property which was there adjudicated as not belonging to the receiver, and has like status herein. No issue being taken upon the facts averred in the plea, such averments stand admitted for the purpose of this hearing. The terms of the adjudication by the supreme court are not set out specifically, and it is not entirely clear whether the allegations in that regard are not of the pleader's inferences of their legal effect, rather than of their terms in fact; but for the purposes of this decision the allegations which purport a statement of what was adjudicated are assumed to be a true recital of the terms. The opinion of the supreme court, as referred to in the plea, is reported in Filkins v. Nunnemacher, 81 Wis. 91, 51 N. W. 79. That this decision is conclusive between the parties and privies upon the issues there involved cannot be questioned here, however open to question, as a precedent merely, in the light of other authorities, and of later expressions as well by the same court. But I am clearly of opinion that it is not res adjudicata of any issue tendered by this bill, and cannot be invoked by this defendant, either as a bar or by way of estoppel, to relieve him from meeting the allegations in suit. The rights of the complainant as set out in the bill are dependent wholly upon the existence of a trust relation—that of attorney and client—between the defendant and the estate represented by the complainant, and upon the receipt by the defendant in that relation of the fruits of a settlement without accounting therefor. If the settlement with Nunnemacher was made, as alleged, of a claim asserted on behalf of the estate represented by the defendant, it is plain that no question can be raised by the latter of the legality of the claim so asserted to dispute his liability to account for the proceeds of the settlement. Indeed, if the claims alleged to have been purchased by the attorneys were of an adverse interest, and were acquired while the relation of attorney and client subsisted, the question of liability to an accounting could not be made contingent upon an inquiry as to the legal status of the client's title or right of enforcement. Baker v. Humphrey, 101 U. S. 494, 25 L. Ed. 1065. The merits of the controversy can be considered only when the allegations of the bill are met by answer, and, without passing upon the questions discussed in the opinion by the supreme court of Minnesota in the kindred case of Gilbert v. Hewetson, 82 N. W. 655 (apparently involving the same transactions set out in this bill), the plea filed on behalf of the defendant is overruled, with leave to answer the bill on or before the October rule day. So ordered.