MUELLER, Receiver, Appellant, vs. FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, Respondent.

*May 21—June 22, 1946.* .

*Albert J. Mueller* of St. Paul, Minnesota, for the appellant.

For the respondent there was a brief by *Miller, Mack & Fairchild,* and *Paul R. Newcomb,* all of Milwaukee, and oral argument by *Mr. Newcomb.*

BARLOW, J.   The facts alleged in the complaint are that Jacob Rickli, the absentee, opened a savings account with the National Bank of Commerce in Milwaukee on or about July 6, 1928, which was later absorbed by First Wisconsin National Bank of Milwaukee, a corporation, defendant herein, which savings account amounted to the sum of $5,896.26, with interest, at the time of the commencement of this action; that Jacob Rickli was a resident of Minneapolis, Minnesota, prior to October 31, 1937, and that his whereabouts has been unknown since October 31, 1937.   He was about sixty-eight years of age at the time he was last seen.   On May 23, 1945, Albert J. Mueller was appointed receiver for the estate of Jacob Rickli, absentee, by the district court for Hennepin county, Minnesota, under the provisions of ch. 59 "A," page 1615, Mason's Minnesota Statutes of 1927, also known as secs. 8080–1 to 8080–13.   He qualified as such receiver and brings this action in his official capacity in the circuit court for Milwaukee county to collect this savings account under authority given by the Minnesota court.

The question on demurrer is whether plaintiff had legal capacity to sue inasmuch as he had no right or title to property of said absentee outside the territorial jurisdiction of Minnesota.

The statutes of the state of Minnesota relating to the appointment of a receiver of property of absentees provide for his taking possession of and administering the property of such absentee within the state of Minnesota only.   Where a petition is filed showing that a person is entitled to or has an interest in property within the state, and that he has disappeared and his whereabouts is unknown, listing the property in which he has an interest, a warrant is issued directing the

sheriff or his deputy to take possession of property named in the schedule and hold it subject to the order of the court and make return to the warrant. The court then issues a notice reciting the substance of the petition, warrant, and officer's return, addressed to the absentee and all persons who claim an interest in the property, citing them to appear at a time and place named, and show cause why a receiver of the property so seized should not be appointed. Notice is then given by publication and mailing to the last-known address of the absentee, and on the return date a hearing is held and, if the facts warrant it, a receiver is appointed, who takes possession of the property which was seized by the sheriff, and administers it according to law under the direction of the court.

Plaintiff, in his brief, concedes that the power and authority of a receiver are, as a matter of strict right, confined to the jurisdiction of his appointment, and that he may exercise only such power and authority in another jurisdiction as is permitted by the comity of the latter. He then argues that as a matter of judicial comity plaintiff should be permitted to maintain this action.

It is considered that plaintiff does not bring himself within the comity rule. This action differs materially from an insolvency proceeding where the assets of an insolvent are to be administered for the benefit of all creditors, and thus by comity courts of other states permit the receiver to acquire property in a jurisdiction other than the jurisdiction of appointment. The insolvent is before the court and his rights, as well as the rights of all parties in interest, can well be protected by the court appointing the receiver. In the instant proceeding the receiver, by statute, is charged with the responsibility of preserving and administering only the property of the absentee within the state of Minnesota, and is charged with no responsibility for property outside of that state. The absentee is not a party to any proceeding affecting the property in question in this action, as the notice given to him by publication was with reference to the property seized by the

officer under the warrant, and at most only such additional property as the receiver may discover within the state of Minnesota. The deposit in question is property within the state of Wisconsin and created a debtor-creditor relationship between the bank and the depositor. *State v. Northwestern Nat. Bank of Minneapolis,* 219 Minn. 471, 18 N. W. (2d) 569; *Anderson National Bank v. Luckett,* 321 U. S. 233, 64 Sup. Ct. 599, 88 L. Ed. 692; *Marine Nat. Exchange Bank v. State* (1946), 248 Wis. 410, 22 N. W. (2d) 156. Certainly as a matter of comity the courts of this state cannot recognize any authority in this receiver which the statutes of the state of Minnesota fail to recognize. This brings it within the rule laid down in *Filkins v. Nunnemacher* (1892), 81 Wis. 91, 51 N. W. 79.

It is argued that this receiver appointed in Minnesota is in the nature of a trustee, and under sec. 331.31, Wis. Stats., a trustee appointed by the court of another state may, upon recording in the office of the register of deeds of any county where any part of the trust estate is located, an authenticated copy of such appointment, sue or be sued in the state of Wisconsin and exercise the powers of a trustee appointed pursuant to the laws of Wisconsin. This contention cannot be sustained, as this court said in *Filkins v. Nunnemacher, supra* (p. 94):

"We think, moreover, that the section plainly was not intended to apply to a mere officer of court, like the plaintiff, although he may be, in a sense, a trustee. Agents and factors are frequently called 'trustees,' and are rightly held to the liabilities of trustees, but no one would contend that such a trusteeship is referred to in sec. 4280." (Sec. 331.31.)

It is considered the trial court was right in sustaining the demurrer and denying plaintiff the right to maintain this action.

*By the Court.*—Order affirmed.