McClure, Assignee, etc. vs. Campbell, Sheriff, etc.

McCLURE, Assignee, etc., Appellant, vs. CAMPBELL, Sheriff, etc., Respondent.

*March 3 — March 27, 1888.*

*Voluntary assignment: Bankrupt act: Extra-territorial effect: Construction of laws of another state by its courts, when binding.*

1. An assignment of property, made pursuant to a bankrupt act, the assignee being in effect an officer of the court, and the assigned property being *in custodia legis* and administered by or under the direction of the court, can have no legal operation out of the state in which such proceedings were had.
2. The decisions of the supreme court of Minnesota that ch. 148, Gen. Laws Minn. 1881, is a bankrupt act and that the assignee is in effect an officer of the court and the assigned property *in custodia legis*, are *held* binding upon this court.
[3. Whether a voluntary assignment for the benefit of creditors, executed in Minnesota by a resident of that state pursuant to ch. 41, Gen. Stats. of Minn., would pass to the assignee title to personal property named in such assignment having a *situs* in this state, not determined.]

APPEAL from the Circuit Court for *St. Croix* County. This action is to recover $1,195, being the proceeds of a quantity of personal property seized in St. Croix county in

this state, by the defendant, *Campbell*, as sheriff of said county, under and by virtue of a writ of attachment sued out by one Johnson against the property of Gillespie & Harper, a copartnership firm theretofore doing business in Minnesota and this state.   By an arrangement between the parties, the sheriff sold the property and retains the proceeds subject to the determination of this action.   Johnson obtained a judgment in his action against Gillespie & Harper, and issued execution thereon, which the sheriff levied upon such proceeds.   Johnson was named herein as a defendant, but the summons was not served upon him, and he has made no appearance.

The plaintiff, *McClure*, claims the proceeds of the property under an assignment executed to him by Gillespie & Harper in the state of Minnesota, pursuant to chapter 148 of the General Laws of that state for 1881.   The trusts specified in the assignment are that the assignee shall distribute the proceeds of the assigned property to those creditors of the assignors who shall file releases of their demands, and, if a surplus remains after paying such debts, he shall pay the same to the assignors.   The plaintiff, *McClure*, Johnson, and the members of the firm of Gillespie & Harper are residents of the state of Minnesota, and were such residents when the assignment was executed.   Gillespie & Harper had real and personal property both in Minnesota and this state.   The property thus seized and sold was, when seized, in use in and about a saw-mill in St. Croix county, owned and operated by Gillespie & Harper before such assignment, but was then in possession of the assignee.   No question is made on the pleadings, and there is no dispute as to the facts.

The circuit court held that the plaintiff took no title to the property in this state thus seized and sold, and hence was not entitled to the proceeds thereof, and gave judgment for the defendant accordingly.   The plaintiff appeals from the judgment.

For the appellant there were briefs by *Fayette Marsh* and *Ray S. Reed,* and oral argument by *Mr. Marsh.* They contended, *inter alia,* that the assignment being valid in Minnesota, and all the parties in interest in this action being citizens and residents of Minnesota, the courts of Wisconsin, as an act of comity, should recognize the assignment as valid in this state as to any personal property here situate and in the actual possession of the assignee. *Smith v. C. & N. W. R. Co.* 23 Wis. 269; *In re Paige & Sexsmith Lumber Co.* 31 Minn. 136; *Bentley v. Whittemore,* 19 N. J. Eq. 469; *Moore v. Bonnell,* 31 N. J. Law, 90; *Einer v. Beste,* 32 Mo. 249–251; *Thurston v. Rosenfield,* 42 id. 474; *May v. Wanne-macker,* 111 Mass. 208; *Dehon v. Foster,* 4 Allen, 545; *S. C.* 7 id. 57; *Train v. Kendall,* 137 Mass. 366; *Butler v. Wendell,* 57 Mich. 62; *Green v. Gross,* 12 Neb. 117; *Chafee v. Bank,* 71 Me. 514, 36 Am. Rep. 345; *Fuller v. Steiglitz,* 27 Ohio St. 355; *Natchez v. Minor,* 48 Am. Dec. 727; *Richardson v. Leavitt,* 45 id. 90; *Sanderson v. Bradford,* 10 N. H. 260. The supreme court of Minnesota and the U. S. circuit court for the district of Minnesota have disagreed as to whether an assignment made under the statute in question places the property *in custodia legis,* the latter holding that it does not and that the assignment is nothing more than a common-law assignment regulated by statute. *Lapp v. Van Norman,* 19 Fed. Rep. 406. But they agree that the assignment is a voluntary one and should have all the force and effect of a voluntary assignment. See *May v. Walker,* 35 Minn. 194, where the supreme court speaks of the assignment as a voluntary assignment under the insolvent law. Where courts seize upon the property of a debtor and convey it to an assignee without any voluntary act of the debtor, the law under which the property is seized having no extra-territorial force, the act of the court cannot operate to convey any property except such as is within its jurisdiction. But where the conveyance is voluntary, whether under an insolvent law or otherwise, it is operative

to the same extent as an assignment at common law for the benefit of creditors. Burrill on Assignm. sec. 304; *Shelby v. Bacon*, 10 How. 56; *Lapp v. Van Norman*, 19 Fed. Rep. 406; *Adler v. Ecker*, 2 id. 126; *Griswold v. Cent. Vt. R. Co.* 9 id. 797; *Lehman v. Rosengarten*, 23 id. 642. And it has often been determined by the courts that where a receiver has actually reduced the property placed in his hands by the order of the court to actual possession, the courts of a sister state will not interfere with the possession of the receiver, except to protect the rights of a citizen of that state, creditor of the person or corporation for whom the receiver is appointed. High on Receivers, secs. 47, 48.

*H. L. Humphrey*, for the respondent, argued, among other things, that an assignment may be questioned in any court of competent jurisdiction, state or federal. *Kohn v. Ryan*, 31 Fed. Rep. 636. The assignment here in question is an assignment of the copartners only, and is void under the laws of Minnesota. *May v. Walker*, 35 Minn. 194; *Citizens' Ins. Co. v. Wallis*, 23 Md. 182; Burrill on Assignm. (3d ed.), secs. 88, 111; *Merrill v. Wilson*, 29 Me. 58; *Fellows v. Greenleaf*, 43 N. H. 421; *Tiemann v. Molliter*, 71 Mo. 512. It is not good as a common-law assignment because it compels creditors to release their whole debts in order to share in the assets. *May v. Walker*, 35 Minn. 194; *Nat. Bank v. Lanahan*, 60 Md. 477. It is void under the laws of Wisconsin as to the property situate in this state because it does not conform to the laws of this state in respect to the transfer of property by voluntary assignment. See secs. 1694-96, R. S.; *Auley v. Osterman*, 65 Wis. 118; *King v. Glass*, 34 N. W. Rep. (Iowa), 820; *Richmondville Mfg. Co. v. Prall*, 9 Conn. 487. Title acquired under a foreign attachment cannot prevail against the rights of an attaching creditor under the laws of the state where the property is actually situated; and the fact that the creditor is a citizen of the state where the assignment was made,

McClure, Assignee, etc. vs. Campbell, Sheriff, etc.

can make no difference. *Hibernia Nat. Bank v. Lacombe*, 84 N. Y. 367; *Jenks v. Ludden*, 34 Minn. 482; *Warner v. Jaffray*, 96 N. Y. 248; *In re Walker*, 33 N. W. Rep. (Minn.), 852; *Holmes v. Remson*, 20 Johns. 254; *Kelly v. Crapo*, 45 N. Y. 86; *S. C.* 16 Wall. 610; *Green v. Van Buskirk*, 5 id. 314; *S. C.* 7 id. 139; *Hervey v. R. I. L. Works*, 93 U. S. 664; *Paine v. Lester*, 44 Conn. 196; *Upton v. Hubbard*, 28 id. 275; *Osborn v. Adams*, 18 Pick. 245; *Milne v. Moreton*, 6 Bin. 361, 365; *Ingraham v. Geyer*, 13 Mass. 146; *Zipcey v. Thompson*, 1 Gray, 243; *Moore v. Church*, 70 Iowa, 208, 59 Am. Rep. 439. Under the statute of Minnesota the assignee is under the control of the courts of that state and must administer the trust under their direction and in accordance with the laws of that state. He is therefore virtually a receiver, and the assignment does not vest in him title to property situated outside of that state. See *Smith v. C. & N. W. R. Co.* 23 Wis. 270, 271; *Booth v. Clark*, 17 How. 322.

LYON, J. Ch. 148, of the General Laws of Minnesota for 1881, under which the assignment in question was made, is entitled " An act to prevent debtors from giving preference to creditors, and to secure the equal distribution of the property of debtors among their creditors, and for the release of debts against debtors." The act provides that whenever the property of any debtor shall be attached or levied upon by any writ or process from a court of record of that state in favor of any creditor, or garnishment made against any debtor, such debtor may, within ten days after such levy or garnishment, " make an assignment of all his property and estate, not exempt by law, for the equal benefit of all his creditors, in proportion to their respective valid claims, who shall file releases of their debts and claims against such debtors as hereinafter provided." The act then provides that, upon such assignment being made, the attachments,

levy, or garnishments shall be dissolved, and the officer shall deliver the property to the assignee, unless the latter elect to retain the process for the benefit of all such creditors. Sec. 1. It is further provided in sec. 10 that "no creditor of any insolvent debtor shall receive any benefit under the provisions of this act, or any payment of any share of the proceeds of the debtor's estate, unless he shall first have filed with the clerk of the district court, in consideration of the benefits of the provisions of this act, a release to the debtor of all claims other than such as may be paid under the provisions of this act for the benefit of such debtor; and thereupon the court or judge may direct that judgment be entered discharging such debtor from all claims or debts held by creditors who shall have filed such releases."

Within ten days before the assignment to the plaintiff was executed, the property of Gillespie & Harper in Minnesota was seized by virtue of a writ of attachment issued out of a court of record of that state.

Another statute of Minnesota (ch. 41, Gen. Stats.) gives the procedure for making general assignments for the benefit of creditors. Its provisions are not unlike ch. 80 of our Revised Statutes, entitled "Of voluntary assignments."

The contention on behalf of the plaintiff is that the instrument under which the plaintiff claims to recover the proceeds of the property in question is essentially a voluntary assignment by Gillespie & Harper for the benefit of their creditors; and that it is a valid conveyance to the assignee of all the personal property of the assignors, wherever the same may be situated. In other words, their position is that, in respect to personal property, the *lex loci contractus* governs, and an assignment valid under the laws of the state in which it was executed is valid everywhere.

The contention on behalf of the defendant (who represents the creditor Johnson) is that the instrument is not a voluntary assignment for the benefit of creditors, within

the meaning of that term as used in the common law, or in ch. 41 of the Minnesota statute, or ch. 80 of our Revised Statutes, but is part of a statutory proceeding in insolvency, looking to a full discharge of the debts of the insolvent without full payment thereof,— a result which cannot follow a voluntary assignment for the benefit of creditors; and, further, such being the nature of the proceeding, the assignment has no effect beyond the territorial limits of the state in which it is made and in which the assignor 'resides. It is also denied that it has any such extra-territorial effect, even though it be a voluntary assignment for the benefit of creditors.

The question as to the character of the instrument under which the plaintiff claims has been determined by the supreme court of Minnesota in *Jenks v. Ludden*, 34 Minn. 482, and other cases therein cited. In *Jenks v. Ludden* the court says: " Our act of 1881 is, as we have repeatedly held, a bankrupt act; the assignee being, in effect, an officer of the court, and the assigned property being *in custodia legis* and administered by the court or under its direction. *Wendell v. Lebon*, 30 Minn. 234; *In re Mann*, 32 Minn. 60; *Lord v. Meachem*, 32 Minn. 66; *Bennett v. Denny*, 33 Minn. 530; *Simon v. Mann*, 33 Minn. 412." Thus it will be seen that although an assignment under ch. 148 of the Statutes of Minnesota for 1881, in a certain sense is voluntary, in that the debtor is not compelled to make it,— a feature common to many, perhaps most, insolvent laws, including those of this state (R. S. ch. 179),— still that court holds it to be, in substance and legal effect, an assignment by operation of the statute thus held to be a bankrupt law, executed as a part of the procedure in the administration of that law. We regard the above adjudications of the supreme court of Minnesota, giving construction to their act of 1881, as binding upon this court, and hence shall not examine or discuss the argument of counsel for the plaintiff against the accu-

racy of such construction. We will only say that our consideration of the subject has inclined us to think that the court construed the act correctly.

Our conclusion as to the character of the instrument in question renders it quite unnecessary to determine whether a voluntary assignment for the benefit of creditors executed in Minnesota by a resident of that state, pursuant to ch. 41, passes to the assignee title to personal property named in such assignment having a *situs* in this state. This question was very fully argued by the respective counsel, and their citations of authorities (to which we add *Mowry v. Crocker*, 6 Wis. 326) will be preserved in the official report of the case.

The only remaining question (and it is the controlling question in the case) is, Has an assignment of property, made pursuant to a bankrupt act, the assignee being in effect an officer of the court, and the assigned property being *in custodia legis* and administered by or under the direction of the court, any extra-territorial effect? That is to say, should the courts of this state recognize such an assignment as a valid transfer to the assignee of personal property in this state, and thus defeat an attachment levied upon it pursuant to the laws of this state by a creditor of the assignor? We think the question is not affected by the fact that the property, when seized, was in the possession of the assignee, or that the attaching creditor is a resident of the state in which the insolvency or bankruptcy proceedings were had.

The cases on this subject are very numerous. No review of them will here be attempted. While some of them may, under special circumstances, extend the rule of comity to such a case, and thus give an extra-territorial effect to somewhat similar assignments, we are satisfied that the great weight of authority is the other way. The rule in this country is, we think, that assignments by operation of law

in bankruptcy or insolvency proceedings, under which debts may be compulsorily discharged without full payment thereof, can have no legal operation out of the state in which such proceedings were had. This rule is laid down in Burrill, Assignm. (5th ed.) p. 458, sec. 303, and numerous cases are cited in the note to that section in support of it.

An application of the above rule to this case negatives the plaintiff's right to recover in the action.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 37 N. W. Rep. 343.— REP.

