## SMALL v. SMITH.

The receiver of a foreign corporation, appointed by the courts of a foreign jurisdiction, is entitled to maintain an action for the recovery of realty in the possession of a resident of the state, where no rights of resident creditors intervene.

FULLER, P. J., dissenting.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by L. Linn Small, as receiver of the American Banking & Trust Company, a corporation, against O. H. Smith. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*G. R. Krause,* for appellant.

*R. W. Hobart* and *Robertson & Dougherty,* for respondent.

CORSON, J. This is an appeal by the defendant from an order overruling a demurrer to the complaint. The demurrer was interposed upon the grounds (1) that it appears upon the face of the complaint that the plaintiff has not legal capacity to sue; (2) that the complaint does not state facts sufficient to constitute a cause of action. As it is clear from an examination of the complaint that, if the plaintiff has legal capacity to sue, it states facts sufficient to constitute a cause of action, the only question to be considered is whether or not respondent, as receiver of a foreign corporation, has legal capacity to maintain an action to recover possession of real property from a resident of this state in the actual possession of the same. The complaint sets out very fully the proceedings of the supreme court of the state of Maine resulting in the appointment of the plain-

tiff herein as receiver of the American Banking & Trust Company, a corporation organized and existing under the laws of that state, and from which it appears that the respondent was duly appointed receiver of said corporation by a court of competent jurisdiction, and that respondent was authorized and directed by the order of said court to take possesion of all the real and personal property owned by the said corporation. It is undoubtedly true that in many of the earlier cases, including the case of Booth v. Clark, 17 How. 322, 15 L. Ed. 164, decided by the supreme court of the United States, receivers were not generally permitted to sue in a foreign jurisdiction for the property of a debtor; but in the later cases, while the courts have held that a receiver has not the absolute right to sue in the courts of a foreign state outside of the jurisdiction of his appointment, yet he may, as matter of comity, maintain suits in foreign courts, where no detriment to the creditors residing in such foreign jurisdiction will result. The author of the title "Receivers" in the American and English Encyclopedia of Law, in the text, says: "While it is clear that, as a matter of right, a receiver cannot demand recognition outside of the jurisdiction of his appointment, yet it is now generally held that he may, as a matter of comity, maintain suits in foreign courts. This comity will not be extended, however, to the detriment of creditors resident in such foreign jurisdiction. The authorities supporting this exception are so numerous, and the language of the courts so favorable to its extension, that it seems certain the exception will soon—if it has not already—supersede the general rule." 20 Am. & Eng. Enc. Law, 242. In support of the text the author cites a large number of authorities. In Hurd v. City of Elizabeth, 41 N. J. Law, 1, the supreme court of New Jersey reviews very fully the authorities upon this subject, and in speaking of Booth v. Clark, *supra,* says: "But that case belongs to a train of

decisions which have undoubtedly been rightfully decided.   *   *   *
They are all cases involving a controversy between the receiver and
the creditors of the person whose property has been placed under the
control of such receiver.   In such a posture of things, it is manifest
that different considerations should have force from those that are
to control when the litigation does not involve the rights of creditors
in opposition to the claims of the receiver.   That the officer of a for-
eign court should not be permitted, as against the claims of creditors
here, to remove from this state the assets of the debtor, is a proposi-
tion that seems to be asserted by all the decisions;   but that, simi-
larly, he should not be permitted to remove such assets when credi-
tors are not so interested, is quite a different affair.   *   *   *   There
are certainly *dicta* that go even to that extent, so far that text writers
seem to have felt themselves warranted in declaring that the pow-
ers of an officer of this kind are strictly circumscribed by the juris-
dictional limits of the tribunal from which he derives his existence,
and that he will not be recognized as a suitor outside of such limits.
But I think that the more correct definition of the legal rule would be
that a receiver cannot sue, or otherwise exercise his functions, in a
foreign jurisdiction, whenever such acts, if sanctioned, would inter-
fere with the policy established by law in such foreign jurisdiction.
There seems to be no reason why this should not be the accepted
principle.   When there are no persons interested but the litigants in
a foreign jurisdiction, and it becomes expedient, in the progress of
such suit, that the property of one of them, wherever it may be sit-
uated, should be brought in and subjected to such proceedings, I
can think of no objection against allowing such a power to be exer-
cised."   In the late case of Castleman v. Templeman, 87 Md. 546,
40 Atl. 275, 41 L. R. A. 367, decided in 1898, this question was ful-
ly considered by the supreme court of Maryland;   and it quotes with

approval the last clause of the text of 20 Am. & Eng. Enc. Law, 242, heretofore referred to. It also quotes with approval the following from Hurd v. City of Elizabeth, *supra*: "After completely protecting its own citizens and laws, the dictates of international comity would seem to require that the officer of a foreign tribunal should be acknowledged and aided." Patterson v. Lynde, 112 Ill. 196; Bagby v. Railroad Co., 86 Pa. 291; Metzner v. Bauer, 98, Ind. 427; Bank v. McLeod, 38, Ohio St. 174; Gilman v. Ketcham, 84 Wis. 60, 54 N. W. 395, 23 L. R. A. 52; Boulware v. Davis, 90 Ala. 207, 8 South 84, 9 L. R. A. 601; Chicago, M. & St. P. Ry. Co. v. Keokuk Northern Line Packet Co., 108 Ill. 317, 48 Am. Rep. 557; Killmer v. Hobart, 58 How. Prac. 452.

In the case at bar it will be noticed that the action is to recover the possession of a tract of land in this state claimed to be owned by the banking company for which the plaintiff was appointed receiver. No question of the right of creditors in this state, so fas as the record discloses, is involved. Certainly, if the defendant is holding possession of the property wrongfully as against the receiver, it is not the policy of this state to protect him in such holding. If he is the owner or entitled to the possession of the property, we may reasonably assume that our courts will protect him in such right. It seems to us, therefore, that comity, as it exists between the states of this union, requires that it hol be extended by this court to a case like the one at bar. We are of the opinion, therefore, that the demurrer to the complaint, interposed upon the ground that it was not competent for the receiver to sue in the courts of this state, was properly overruled, and the order of the circuit court overruling the same is affirmed.

FULLER, P. J., (dissenting). At page 817, 17 Enc. Pl. & Prac., the prevailing doctrine is concisely stated thus: "A receiver may

not generally sue in his own name in a foreign state, even though authorized by statute or order of court where he was appointed, since such laws or orders relate to the remedy, merely, and the law of the forum governs." After elucidating most instructively the nature and extent of a receiver's title and want of authority to maintain an action for the recovery of property situated in another state, Mr. Justice WAYNE, speaking for the supreme court of the United States, says: "Our industry has been taxed unsuccessfully to find a case in which a receiver has been permitted to sue in a foreign jurisdiction for the property of a debtor." Booth v. Clark, 17 How. 322, 15 L. Ed. 164. Obviously the order by which respondent was appointed and authorized to gather the corporate property has no force beyond the jurisdiction of the court in which the action was tried, and, as a matter of legal right, such officer is entitled to no recognition by the courts of this state. Rhawn v. Pearce, 110 Ill. 350, 51 Am. Rep. 691; Brady v. Connelly, 52 Mo. 19; Filkins v. Nunnemacher, 81 Wis. 91, 51 N. W. 79; Hazard v. Durant (C. C.) 19 Fed. 471; Catlin v. Silver-Plate Co., 123 Ind. 477, 24 N. E. 250, 8 L. R. A. 62. As an exception to the general rule that a receiver has no extraterritorial power, some modern authorities, in recognition of the principles of judicial comity between states, warrant a receiver in bringing an action in a foreign jurisdiction when the rights of its own citizens are not injuriously affected thereby, or when the defendant was a party to the action creating the receivership, but such is not this case. Boulware v. Davis, 90 Ala. 207, 8 South, 84, 9 L. R. A. 601; Weil v. Bank, 76 Mo. App. 34; Willitts v. Waite, 25 N. Y. 577; McClure v. Campbell, 71 Wis. 350, 37 N. W. 343. Respondent being the coercive creature of a different forum, neither under the supervision of, nor accountable to the courts of this state for the faithful discharge of his duty,

it is contrary to public policy and judicial practice to confer upon him all the rights of a resident suitor, to the prejudice of one of our citizens. In my opinion, the generally accepted doctrine applicable to cases like this, negatives respondent's right to maintain his action, and the judgment appealed from ought to be reversed, with the direction that the demurrer be sustained.