COLE, Respondent, v. SASSENBERRY, Appellant.

(230 N. W. 22.)

(File No. 6875. Opinion filed March 31, 1930.)

*Charles Milner,* of Martin, and *W. J. Hooper,* of Gregory, for Appellant.

*Charles A. Nystrom,* of Rapid City, and *I. D. Beynon,* of Lincoln, Neb., for Respondent.

BROWN, P. J. At the times material to this action defendant was a stockholder in the American State Bank of Merriman, Neb. On January 10, 1921, in a proceeding in the district court of Cherry County Neb., the bank was adjudged insolvent, and plaintiff was appointed and qualified as receiver. The Constitution of Nebraska provides that every stockholder in a banking corporation or institution shall be individually liable to its creditors in an amount equal to the stock held by him over and above his stock (Const. art. 12, § 7), and further provides that, in all cases of claims against corporations, the exact amount due shall be first ascertained, and, after the corporate property shall be exhausted, the original sub-

scribers shall be individually liable to the extent of their unpaid subscriptions, and the liability for an unpaid subscription shall follow the stock (Const. art. 12, § 4).

The complaint substantially sets forth the foregoing facts and that claims against the bank aggregated over $92,000; that all of the assets had been sold, and there was realized $53,000, leaving $39,000 of unpaid debts; that the district court had decreed that plaintiff, as receiver, bring suit against all stockholders for recovery of the double liability; that the capital stock of the bank is $15,000, divided into 150 shares of the par value of $100 per share; that defendant owns 31 shares of stock in the bank of the par value of $100 per share, and there is due from him on his double liability as a stockholder $3,100, for which amount judgment is demanded against him. To this complaint the defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and, from an order overruling the demurrer, defendant appeals.

Appellant quotes from Hamilton National Bank v. American Loan & Trust Co., 66 Neb. 67, 92 N. W. 189, to the effect that a bank stockholder's double liability is not an asset of the corporation that can be collected by the corporation or a receiver acting in its stead, that "a receiver can proceed to the enforcement of such liability *only at the instance of the creditors* themselves, and by direction of the court, and then only after the claims of the creditors have been judicially ascertained, and the assets of the corporation exhausted." But the quotation is from the syllabus, not from the opinion. In the opinion it is said: "A proceeding to enforce this liability might very properly be instituted by a receiver appointed by the court for that purpose, or, has been said by this court in Trust Co. v. Funk, 49 Neb. 353, 68 N. W. 520, such proceedings might be instituted by a receiver appointed to collect the assets of the corporation, by direction of the court after the assets had been collected and applied on the indebtedness, and the remaining debts judicially ascertained." This is just what the complaint in the instant case alleges has been done, and it is alleged that the receiver, after all assets had been collected and applied, was appointed and ordered by the court to begin suit for the collection of the double liability. In Rogers v. Selleck, 117 Neb., 569, 221 N. W. 702, 703, it is said that actions to enforce the double liability against

bank stockholders may be "prosecuted by one creditor for the benefit of all or by the receiver." The contention that the complaint is defective in failing to allege that the district court in Nebraska acted at the instance of creditors of the bank in appointing the receiver is plainly untenable. We take judicial notice that the district court in the state of Nebraska is a court of general jurisdiction. Jarvis v. Robinson, 21 Wis. 530, 94 Am. Dec. 560; Specklemeyer v. Dailey, 23 Neb. 101, 36 N. W. 356, 8 Am. St. Rep. 119. Its action in appointing the receiver and directing him to bring suit to collect the double liability of stockholders is presumed to be regular and based upon sufficient facts. 15 C. J. 827, 835; 22 C. J. 128.

It is next contended that in South Dakota it is the duty of the superintendent of banks to take charge of insolvent state banks, and no receiver can be appointed for that purpose in South Dakota, that it must be presumed that the law of Nebraska is the same as that of this state, and that the complaint, in not alleging that there is any different law in the state of Nebraska, fails to state a cause of action. Whether this court can presume that the political department of another state is the same as that of this state is a question on which we need not express any opinion, because, as we have already stated, the presumption is that the district court of Nebraska had authority to appoint a receiver and that its judgment in that regard is regular.

It is finally contended that a receiver appointed by a court in another state has no authority to sue in this state. This question cannot be urged under a demurrer that the complaint does not state facts sufficient to constitute a cause of action. Evans v. Fall River County, 9 S. D. 130, 68 N. W. 195, 197.

Furthermore, we have decided that, on the principle of comity, a receiver of a foreign corporation appointed by a court of the foreign jurisdiction may maintain an action against a defendant in this state, where no rights of creditors resident in this state intervene. Small v. Smith, 14 S. D. 621, 86 N. W. 649, 86 Am. St. Rep. 808. See, also, Bullock v. Oliver, 155 Ga. 151, 116 S. E. 293, 29 A. L. R. 1484.

The order overruling the demurrer is affirmed.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J., concurs in result.