HALLAM, Appellant, v. McDOWELL, Respondent.

(239 N. W. 178.)

(File No. 7159. Opinion filed November 18, 1931.)

*J. J. Fitzpatrick,* of Aberdeen, for Appellant.

*F. E. Snider,* of Faulkton, for Respondent.

WARREN, J. Action by a receiver to enforce a stockholder's liability in an insolvent Minnesota manufacturing and trading corporation located at St. Paul, Ramsey county, Minn., against the defendant who is located and resides in the state of South Dakota. The plaintiff in his complaint first recites section 3 of article 10 of the Minnesota Constitution purporting to permit the enforcement of a stockholder's liability. Certain sections of the Minnesota statutes are then pleaded at length covering the duties of a receiver, the bringing of action for the enforcement of a stockholder's liability, and the procedure which governs such proceedings. This is followed by paragraph 3, in which is pleaded the corporate existence of the Blekre Tire & Rubber Company of Minnesota and the purpose for which it was organized, the place of doing business, the amount of capital stock, and the division of stock into different classes, and the value of each share of stock. This is followed by paragraphs, 4, 5, and 6, which are as follows:

"IV. That on the 13th day of December, 1929, in an action

brought under State of Minnesota General Statutes, 1923, Sections 8013, 8025, 8026, 8027, and 8028, (now Sections 8013, 8025, 8026, 8027 and 8028 Mason's Minnesota Statutes for 1927) in the District Court of Ramsey County, Minnesota, by Joseph A. Rogers Agency, Incorporated, a corporation, plaintiff against Blekre Tire & Rubber Company of Minnesota, Inc., a corporation, duly organized and existing under the laws of the State of Minnesota, Defendant, to sequestrate the stock and assets of said corporation and enforce the liability of its stockholders to its creditors, said Court duly made an order assessing the stockholders of said corporation 100 per cent on the amount of stock held by each stockholder, to-wit: $1.00 per share on the Common Stock, $1.00 per share on the Preferred stock, commonly referred to as Class 'A' stock, and $10.00 per share on the Preferred 'B' stock, and a like proportion for each fractional share of stock outstanding and held by each stockholder of said corporation, and authorized and directed this plaintiff, who on the 29th day of May, 1925, was duly appointed by said Court in said action Receiver of said corporation, and who thereupon duly qualified and entered upon the duties of, and ever since has been and now is, such Receiver, to collect the amounts so assessed by action in case of their nonpayment within the time prescribed by said order and which time was by order of said Court on March 19, 1930, extended to April 14, 1930.

"V. That at all times herein mentioned defendant was a stockholder in said corporation, owning Two (2) shares of the Preferred stock, commonly referred to as Preferred Class 'A' stock, and Four and four tenths (4.4) shares of the Preferred 'B' stock of said corporation, and in and by said order was duly assessed such amounts aforesaid and directed to pay the same to this plaintiff.

"VI. That by virtue of said order and the premises, defendant is indebted to plaintiff in the sum of Forty-six Dollars ($46.00), no part of which has been paid, altho payment thereof was heretofore duly demanded of defendant by plaintiff."

The defendant appeared and interposed a general demurrer alleging: "The facts set forth in the complaint do not constitute a cause of action in favor of the plaintiff and against the defendant." Upon trial of the issues raised by the demurrer, an order was issued by the circuit court sustaining the demurrer. From

this order the plaintiff has appealed. In the trial upon the demurrer, it was urged that there was not sufficient pleading of the judgment or order made by the Minnesota court levying the assessment against the stockholders of this corporation or the facts sustaining the rendition of said judgment. The respondent still insists in this court that there are not sufficient allegations and that the lower court should be sustained.

The appellant insists that the pleading is sufficient, that they have pleaded the Constitution and statutes pertinent to their recovery, and also have sufficiently alleged the adjudication of the stockholder's liability in their said complaint.

 A suit upon a foreign judgment or other determination of a court is largely statutory, and in that connection we find section 2365 of the R. C. of South Dakota for 1919 provides as follows: "In pleading a judgment, or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish, on the trial, the facts conferring jurisdiction."

In connection with our own statute, we find article 4, § 1, of the United States Constitution, which requires and commands that public acts of every state shall be given the same effect by the courts of other states that they have by law and usage at home. It will be observed that section 8027 of the Minnesota Statutes for the year 1927 specifically sets forth the proceedings for assessment and to the effect the order of the court which authorizes or directs the assignee or receiver to collect the amount assessed. The section further provides that such order of assessment shall be conclusive against all parties therein adjudged liable, whether appearing or being represented at the hearing or not, or having notice thereof or not, except that the defense of ultra vires as set forth in section 6646 may be interposed by any stockholder.

The respondent contends that the complaint is insufficient in that it does not allege entering of a final judgment and that it does not show that the corporation was ever served with process or notice, that it had appeared in the action, or that it was insolvent or had creditors; further, that the complaint does not allege that the court made a judgment assessing the stockholders, and that the

plaintiff was duly appointed by said court in said action as receiver for said corporation, and that he qualified and entered upon his duties.

The general rule for assessing of stockholders is concisely stated in 14 C. J. 1070, § 1664: "A judgment or decree against a corporation in a proceeding to which it is a party fixing an assessment against the holders of stock is conclusive upon stockholders, although they were not parties to the proceeding in which the assessment was levied, in their individual capacities, and were not served with process. A judgment or decree of this nature does not have the force of a personal judgment against a stockholder or member, when rendered without notice to him. It is similar in effect to a call made by the directors of a corporation upon the unpaid subscriptions to the stock of the corporation. Its effect is to make whatever the stockholders are liable for, within the call, become due and payable, so that a suit may be brought to enforce such liability."

The complaint alleges that an order was issued by the court making the assessment, and from the language used in the complaint it clearly sets forth the general rule expressed above.

We believe the pleader, by whatever name he used in his complaint to label the proceedings in the Minnesota district court, sufficiently pleads the assessment against the stockholders and appointing a receiver with authority to collect the same, and makes such receiver a quasi assignee and representative of the creditors, and, as such, he is vested with authority to maintain this action in his own name in foreign jurisdictions. Blackburn v. Irvine, 205 F. 217, 123 C. C. A. 405.

Under section 1, art. 4, of the Constitution of the United States, which provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof"—it seems clear that the "order" mentioned in the plaintiff's complaint is a part and is included in the words, "judicial proceedings of every other state." The term "judicial proceedings" is broad and comprehensive, and we believe that the proceedings pleaded in the complaint and

labeled as an "order" are included in the term used in the Constitution as "judicial proceedings of every other state."

In the case of Cole v. Sassenberry, 56 S.D. 595, 230 N.W. 22, 23, the plaintiff sought to enforce a stockholder's liability; the defendant demurred to the complaint upon the same grounds as in the case at bar. In deciding that case, we said: "It is finally contended that a receiver appointed by a court in another state has no authority to sue in this state. This question cannot be urged under a demurrer that the complaint does not state facts sufficient to constitute a cause of action. Evans v. Fall River County, 9 S. D. 130, 68 N. W. 195, 197. Furthermore, we have decided that, on the principle of comity, a receiver of a foreign corporation appointed by a court of the foreign jurisdiction may maintain an action against a defendant in this state, where no rights of creditors resident in this state intervene. Small v. Smith, 14 S. D. 621, 86 N. W. 649, 86 Am. St. Rep. 808. See, also, Bullock v. Oliver, 155 Ga. 151, 116 S. E. 293, 29 A. L. R. 1484."

The complaint in this case seems to state all the essentials and requirements necessary to maintain a cause of action. True that the plaintiff could have alleged more facts. The proceedings pursued in Minnesota might have been more elaborately stated, but, as we view it, the plaintiff has stated sufficient facts to apprise the defendant of the adjudication of the stockholders' liability in the defunct corporation and that the purpose of the action is to enforce the payment of the stockholders' liability upon the stock owned by the defendant. We feel that plaintiff has alleged all things necessary and as required by the statutes and rules of practice of this state, concisely and intelligently, leaving no room for a doubt upon what matters the plaintiff is predicating his recovery.

The order appealed from is reversed.

POLLEY, P. J., and ROBERTS and RUDOLPH, JJ., concur.
CAMPBELL, J., disqualified and not sitting.