HALLAM, Appellant, v. TAYLOR, Respondent.

(242 N. W. 920.)

(File No. 7265. Opinion filed June 2, 1932.)

*Hugo Hendricks,* of St. Paul, Minn., and *J. J. Fitzpatrick,* of Aberdeen, for Appellant.

*Fletcher & Fletcher,* of Aberdeen, for Respondent.

WARREN, J. An action was brought by the plaintiff, as receiver of the Blekre Tire & Rubber Company of Minnesota, in the circuit court of Brown county, S. D., to enforce a double stockholders' liability against the defendant, Edward F. Taylor, a resident of and within South Dakota. The action was tried to the court, who made findings, conclusions, and a judgment in favor of the defendant. Plaintiff's motion for new trial being denied, an appeal was perfected to this court.

Respondent was the owner of certain stock in the Automobile Co-operative Tire Corporation of Iowa. This corporation was re-organized and changed to the Blekre Tire & Rubber Company, with offices at St. Paul, Minn. With the change in the company, there was issued to the respondent 55 shares of preferred class A stock in the Minnesota corporation, and also, in lieu of dividends earned in the Iowa corporation that remained unpaid, there was issued to the respondent 136.2 shares of preferred B stock. In 1925, an action was brought by a creditor of the Blekre Tire & Rubber Company in the district court of Ramsey county, Minn., and by an order of the court a receiver was appointed. Certain proceedings were brought by the appellant as receiver for the assessment against the stockholders pursuant to an order made at which time a number of stockholders appeared, answered, and defended. After some delay an order was entered assessing the different stockholders 100 per cent on their stock. The order set out that in the proceedings certain objecting stockholders appeared and entered into a stipulation with the receiver providing that said stockholders so appearing and represented should pay within 90 days from the date of the order, and the receiver should accept in full settlement, satisfaction, and discharge, certain reductions in the value of the stock, but that in case of default in the payments of said sums within said time the stockholders so stipulating authorized the receiver to take judgment against them for the full amount of the stock. It further recited that those stockholders claiming valid defenses and who had not joined in said stipulation were permitted to do so within 45 days from October 19, 1929, and all stockholders should

be so notified. The order was dated December 13th, 1929, and the hearing at which time the stipulation was entered was had on October 12, 1929. The judgment ordered a 100 per cent assessment on all the stock, but the stipulation hereinbefore referred to was approved and recognized by the court.

In Hallam v. McDowell, 59 S. D. 225, 239 N. W. 178, the plaintiff as receiver of the same corporation as in the instant case brought an action against McDowell, one of the stockholders of the defunct corporation, Blekre Tire & Rubber Company, to recover an assessment levied by the Ramsey county district court of Minnesota. The complaint in that action was identical with the one in the case at bar. The sufficiency of the complaint in that action was attacked by demurrer upon the grounds that the facts set forth in the complaint did not state a cause of action. We held that the complaint was sufficient. What we said in that opinion relating to an action to enforce a stockholder's liability and authority to collect in foreign jurisdictions, the general rule for assessing of stockholders, the authority of the receiver to bring and maintain the action in his own name in a foreign jurisdiction, and that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, is applicable to the case at bar without further consideration.

The trial court in this action made findings of fact as to the appointment of the receiver, the reorganization of the corporation under the laws of Minnesota, that the defendant was the owner of accumulative preferred stock in the Automobile Tire Owner's Corporation of Iowa upon which there was due accumulative dividends to the defendant, that the defendant had not received said dividends but did receive as evidence thereof stock known as class B stock in the Minnesota corporation, but found that the stock was held by defendant Taylor merely as evidences of indebtedness of the Iowa corporation. It further found that there was class B preferred stock issued to Edward Taylor, and it also found that an action had been brought against the corporation for the purpose of sequestrating the stock and assets of the corporation to enforce the liability of stockholders. (The order of the Ramsey county district court of Minnesota is set forth at length in said findings.) The trial court then further found that the defendant

in the Minnesota proceedings was not represented by counsel and was not a party to a certain stipulation. As a conclusion of law, the trial court found that there was no consent to the entering of the order nor any stipulation to authorize the receiver to take judgment against him for the full amount of the assessment and that the defendant was not in any manner liable. A judgment for the defendant was entered upon the findings and conclusions by the circuit court.

There is evidence that settlements were made with some of the stockholders for less than the full amount of the assessment, but the order was optional in that respect which was avilable to the respondent. His failure to elect and to avail himself of the opportunity to make a settlement by payment of the lesser amount in no event affects the rights of the receiver to enforce the stockholder's liability against the defendant herein for the full amount specified in the court's order after the time for exercising his option had expired.

The validity of the order of the district court of Ramsey county of Minnesota whereby the assessment was made and order entered, so far as the record before us is concerned, is conclusive, as there is no showing that the order was vacated or appealed from, and it is therefore the duty of the courts of this state under the Constitution and laws, both federal and state, to give it full faith and credit. Hancock v. Frederick Co-operative Mercantile Co., 48 S. D. 1, 201 N. W. 714.

The statutes of Minnesota specifically provide, and they were alleged and proven, that the assessment shall be conclusive as against all stockholders whether they appear and have notice of the proceedings or not. Marin, As Receiver of the American Biscuit Company of Crookston, v. Augedahl, 247 U. S. 142, 38 S. Ct. 452, 62 L. Ed. 1038. However, in this case, it is admitted that the defendant did have notice. Construing these statutes, the Minnesota court has held that equities of creditors after sequestration proceedings are superior to those of the stockholders and it is too late for the latter to avoid the contract. Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641. "If, however, a person voluntarily assumes the relation of stockholder, and voluntarily procures or permits his name to be recorded as such on the corporate records,

he fixes his own status and is liable for the consequences." Bartlett v. Stephens, 137 Minn. 213, 163 N. W. 288, 289.

█ Respondent defaulted and did not appear and participate in the assessment proceedings before the Ramsey county district court, and he now argues that there were no formal findings as the basis of the order; but it will be observed that findings of fact by the court would not be necessary as there was no dispute as no issues were involved and the respondent occupied the same position in the proceedings as though the facts were admitted. Straw & Ellsworth Mfg. Co. v. L. D. Kilbourne Boot & Shoe Co., 80 Minn. 125, 83 N. W. 36.

█ The evidence contained in the record, we feel, does not warrant certain findings made by the trial court nor the conclusions of law it reached in its attempt to construe the legal effect of the Minnesota order. To us it appears to be an order of assessment of stockholders regularly entered according to the laws of the state of Minnesota upon notice, and the default of the respondent. The record before us does not warrant the findings that the dividend stock of the Iowa corporation was held by Taylor merely as evidences of indebtedness of the Iowa corporation. The respondent, instead of receiving his dividends from the Iowa corporation, accepted stock in the Minnesota corporation in lieu of payment for the said dividends. He therefore occupies the same position as though he had purchased the stock in the first instance from the Minnesota corporation either by cash payment or contract for the payment of the stock.

The order and judgment appealed from are reversed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.
CAMPBELL, P. J., disqualified and not sitting.